(125 So. 865)

No. 30354.

## CITY OF NEW ORLEANS v. LACOSTE.

### In re LACOSTE.

Jan. 6, 1930.

Wm. R. Kinsella and Richard A. Dowling, both of New Orleans, for relator.

THOMPSON, J. ▇ There has been no return of respondent judge to the rule nisi issued herein; hence we are justified in accepting the facts set out in relator's petition as being admitted.

The relator was sentenced by the judge of the Second recorder's court of the city of New Orleans to pay a fine of $25 or to serve 30 days in the parish prison in default of paying the fine.

He was charged with violating a city ordinance. He appealed to the Criminal District Court and pending the appeal was allowed bail fixed at $50. He tendered a bond with surety for that amount, but the judge refused to release him pending the hearing on appeal unless the defendant deposited with the recorder $50 in cash.

▇ The action of the judge was without legal justification. The defendant was clearly entitled to bail after sentence and pending appeal until final judgment.

There is no law, so far as we are advised, which authorizes the judge to require a person accused of crime, or one who has been convicted of an offense, to deposit with the court or with any other officer a sum of money in lieu of a bond with surety.

Under section 12, art. 1, of the Constitution of 1921, all persons charged with crime are entitled to bail with sufficient sureties, whether before or after conviction and sentence, except in the two instances designated in the constitutional provision referred to.

It would manifestly be a violation of that constitutional privilege and guaranty to exact of an accused person a cash deposit instead of a bond with surety before he could obtain his liberty.

And in many instances such requirement would amount to a denial of the benefit of bail, for it is common knowledge that many persons accused of crime can furnish a bond with solvent and sufficient sureties, whereas they would be unable to raise for that purpose an equal amount in money.

For the reasons assigned, the rule herein is made absolute, and the respondent judge is ordered to release relator pending his appeal upon his giving bond with sufficient sureties in the amount fixed by said respondent judge.