Edward M. O’Gorman, J.
This is a writ of habeas corpus. It is petitioner’s contention that he is at present wrongfully detained in the county jail of Dutchess County by reason of the fact that his bail was canceled upon his conviction by a jury after a trial in the City Court of the City of Poughkeepsie of a Class A misdemeanor. Upon receipt of the jury’s verdict, petitioner’s bail bond was revoked and he was remanded to the county jail to await sentencing.
Counsel for petitioner strongly contends that there are substantial grounds of appeal and that he intends to appeal on behalf of the petitioner, but that for a period of at least three weeks the minutes of the trial will be unavailable, and that therefore he is unable to point out to the court the grounds for his appeal.
It should be noted in this connection, however, that an appeal can only be taken after the court has pronounced sentence, which is the final judgment in this criminal trial. Until such time, the petitioner will be unable to avail himself of the special remedy of release on bail pending the determination of his appeal.
Petitioner indicates to the court that his present detention prior to sentence is illegal, and that it will involve him in substantial hardship, inasmuch as he is in danger of losing employment which he has held for a period of four years.
CPL 530.20 provides in pertinent part as follows: “.When a criminal action is pending in a local criminal court, such court, upon application of a defendant, must * * * order recognizance or bail as follows:
*1089 “ 1. When the defendant is charged, by information * * * prosecutor’s information or misdemeanor complaint, with an offense or offenses of less than felony grade only, the court must order recognizance or bail.”
The issue presented in this case is whether this provision requires the continued admission to bail of a defendant tried on a misdemeanor charge, after conviction by a jury and prior to his sentence. Put in an alternative form, the issue presented is whether the language in this statute ‘ ‘ when a criminal action is pending” refers only to the time up to the jury verdict or refers to the time up to the pronouncement of sentence by the court. Under ordinary circumstances, a criminal trial proceeding is not terminated until the court has pronounced sentence. Up until that time, an appeal from the conviction will not lie, nor can the remedy of release on bail pending such appeal be available until such final judgment.
The statutory scheme of release on bail during the various stages of criminal litigation, as set forth in article 530, would seem to be best served by regarding a criminal action as pending up until the time that sentence is pronounced. Such a construction would also avoid the unnecessary hardship which was referred to by the court in People ex rel. Corcione v. Krueger (62 Misc 2d 702). While this case dealt with the predecessor section 422 of the Code of Criminal Procedure, the statement of the court is pertinent here: “ Tet the question arises, among others, does section 422 violate fundamental justice, or as Mr. Justice Frankfurter stated the principle in the Boehm case (Rochin v. California, 342 U. S. 165, 173) offend ‘ A sense of justice ’ under Anglo-American principles and thus offend the due process clause of the 14th Amendment. Does it violate Anglo-American justice to keep an accused in jail without right to bail for weeks or months only to have the jury or court thereafter acquit him or reverse his conviction? Who can repay or make whole that defendant for the time improperly incarcerated? What amends can society make to a man who, under our Anglo-American principles, is presumed innocent until his guilt has finally been resolved?
“ I have said enough. I did express my views more fully on the record during the oral argument of this proceeding. In short, I feel that section 422 of the Code of Criminal Procedure violates the principles of Anglo-American justice discussed in the Rochin case (supra) and other more recent cases. However, I am bound by the principles declared in People ex rel. Colascione v. Ramsden (supra) and, therefore, dismiss the writ.”
*1090 The language of CPL 530.20 (eff. Sept. 1, 1971) would seem to effectively guarantee the more humane results urged by the court in Corcione (supra).
The construction placed on this section by the court is buttressed by language contained in CPL 530.40, a companion section. This section, dealing with criminal actions pending in a superior court, once again contains the statutory direction, ‘ ‘ 1. When the defendant is charged with an offense or offenses of less than felony grade only, the court must order recognizance or bail ”. However, in CPL 530.40, the statute goes on to provide (subd. 2) that when a defendant is charged with a felony, the court is then vested with discretion with respect to whether or not bail shall be ordered. It is to be noted that the said subdivisions 1 and 2 are subdivisions within the general statutory paragraph which commences, ‘ ‘ When a criminal action is pending”. If the word “pending” were not to include the time of sentence, but were intended only to refer to the period up to the time of the jury’s verdict, then there would have been no necessity for subdivision 3, which provides as follows: “ Notwithstanding the provisions of subdivision two, a superior court may not order recognizance or bail, or permit a defendant to remain at liberty pursuant to an existing order, after he has been convicted of a class A felony, but must commit or remand the defendant to the custody of the sheriff.”
• If the conviction by the jury terminated the right to bail under this statute in every case, it would not have been necessary to put in a special ‘1 notwithstanding ’ ’ provision making a special exception for a Class A felony. It seems apparent that subdivision 3 of CPL 530.40 demonstrates the construction which the Legislature intended to be put upon the phrase ‘ ‘ when a criminal action is pending ” when used not only in CPL 530.40, but also in CPL 530.20, which governs this case.
CPL 530.60 provides that “ for good cause shown ” the court may revoke the order of bail. The statute goes on further to provide that if a defendant is entitled to bail as a matter of right, the court must issue another such order. It is only when the defendant is not entitled to bail as a matter of right that he may be committed to the custody of the Sheriff. In this connection, the Practice Commentary which accompanies CPL 530.60 in McKinney’s Consolidated Laws of New York states as follows : “ This section replaces a clause of Criminal Code § .553(2) authorizing a judge who released a defendant on bail to revoke his order, but only in a case in which 1 bail is discretionary with the court ’ * * * Taken literally at least, this imports that a judge who released a defendant charged with a misdemeanor *1091 upon very low bail and then ascertained to a certainty that he planned to flee the jurisdiction, could not change the terms of the release by revoking his order and issuing a new one requiring bail in a greater amount. ’ ’ (Italics supplied).
There has been no finding made in this case of any reason for the bail revocation, and certainly no finding that the defendant plans to flee the jurisdiction.
For the foregoing reasons, the present detention of the petitioner is illegal, inasmuch as it contravenes his right to be free on bail while the criminal action pending against him in the City Court has not yet been terminated by the final sentence of the court.
The writ is sustained.