314 So.2d 624 (1975)
David ROLLE, Appellant,
v.
STATE of Florida, Appellee.
No. Y-395.
District Court of Appeal of Florida, First District.
June 20, 1975.
Ed Duffee, Jr., Tallahassee, and Jesse J. McCrary, Jr., N. Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
PER CURIAM.
This is a motion for review of the trial court's denial of bail pending appeal. The only ground stated in the order denying bail was that bail is prohibited by § 903.132, Florida Statutes, appellant having previously been convicted of a felony. § 903.132 provides as follows:
"No person may be admitted to bail upon appeal from a conviction of a felony if such person has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and such person's civil rights have not been restored."
In Bamber v. State, Fla.App. (2d), 300 So.2d 269, the Second District Court of Appeal held that the statute is in conflict with Rule 3.691(a), F.R.Cr.P., which provides in material part:
"... [A] person may be denied bail upon appeal from conviction of a felony if such person had previously been convicted of a felony ..." (Emphasis supplied)
*625 The trial court there had denied bail in reliance upon the statute and the appellate court reversed and remanded for a hearing according to the principles of Younghans v. State, Fla., 90 So.2d 308 (which principles are also set forth in said Rule 3.691). In reaching this conclusion the Second District Court of Appeal relied upon language in Bernhardt v. State, Fla., 288 So.2d 490, to the effect that the legislature cannot deprive the court of its discretion to determine whether bail should be granted pursuant to a rule of criminal procedure. We agree with the Second District Court of Appeal's decision in Bamber.
Jurisdiction is relinquished to the trial court with directions to comply with the requirements of Rule 3.691, F.R.Cr.P., and if bail pending appeal is denied, to enter the order denying same pursuant to said Rule and within 15 days from the date hereof. The Clerk of the trial court is directed to forthwith forward a certified copy of said order to the Clerk of this Court.
RAWLS, C.J., and BOYER and McCORD, JJ., concur.