Perrine GILBERT, Petitioner,

v.

STATE of Alaska, Respondent.

No. 2656.

Supreme Court of Alaska.

Sept. 25, 1975.

Brian Shortell, Public Defender, Bruce Abramson, Asst. Public Defender, Anchorage, for petitioner.

Avrum M. Gross, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Charles M. Merriner, Asst. Dist. Atty., Anchorage, for respondent.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and BURKE, JJ.

BURKE, Justice.

■ Petitioner seeks review of an order of the superior court remanding him to custody, without bail, while awaiting trial on criminal charges.[1] Alaska's procedures for review of an order denying bail are designed to ensure speedy consideration at the appellate level.[2] Accordingly, we have granted review.[3]

On September 10, 1975, petitioner was remanded to custody by the Honorable Ralph E. Moody. Judge Moody refused to set bail, finding that petitioner "is a danger to the community because of threats he made to a potential witness while out on his own recognizance."[4] On September 12, 1975, Judge Moody refused to modify his earlier order.[5]

■ In *Martin v. State*,[6] we had occasion to pass upon the legality of an identical order. There, as here, there was a denial of bail after a finding by the superior court that the accused posed a danger to

1. In separate indictments, petitioner is accused of two unlawful sales of amphetamines, in violation of AS 17.12.010.

2. *Martin v. State*, 517 P.2d 1389, 1391 (Alaska 1974).

3. *See* AS 12.30.030(b); Rules 23 and 24, Rules of Appellate Procedure.

4. State's "Response to Petitioner's Petition for Bail Review".

5. *Id.*

6. 517 P.2d 1389 (Alaska 1974).

the community. We held that an order denying bail to one accused of a crime, *but not yet convicted*, was in violation of Article I, Section 11 of the Constitution of the State of Alaska [7] and the provisions of the Alaska Bail Reform Act.[8] We are required, therefore, to hold that the superior court abused its discretion [9] in the instant case.

■ The State of Alaska, expressly recognizing the significance of our holding in *Martin*, does not oppose the setting of bail and requests this court to set bail in the amount of $50,000. While we are required to hold that the superior court erred in refusing to set bail, we are not persuaded to substitute our judgment for that of the court below on the question of what would be a proper amount or the other conditions of release that might be imposed. We choose, instead, to remand the case for further proceedings by that court.[10]

■ Although he may not deny bail to an accused, prior to conviction, the trial judge can consider danger to the community as a factor in assessing the amount of bail or fixing the terms of a conditional release.[11] He is in a far better position than an appellate court to assess the evidence and to determine, in the first instance, what alternatives are available, and the amount of bail that should be required.[12] Upon remand the superior court shall enter an immediate order setting petitioner's bail and imposing such other conditions of release as deemed appropriate.

Reversed and remanded.

7. Article I, Section 11 provides, in part: "The accused is entitled . . . to be released on bail . . . ."

8. AS 12.30.010 *et seq.*

9. AS 12.30.030(b) provides, in part:
   [Upon review of orders concerning bail] the order of the lower court shall be affirmed unless it is found that the lower court abused its discretion.

10. *See* AS 12.30.030(b).

11. *Martin v. State*, 517 P.2d 1389, 1397 (Alaska 1974).

12. In *Reeves v. State*, 411 P.2d 212 (Alaska 1966), we held that an indigent defendant does not have an absolute right to be released on his personal recognizance prior to trial, approving the rationale of *Pilkinton v. Circuit Court*, 324 F.2d 45 (8th Cir. 1963). It follows that the accused does not necessarily have the right to have his bail set in an amount that he can post.