STATE of Alaska, Petitioner,

v.

Teddy WASSILLIE, Respondent.

No. 3603.

Supreme Court of Alaska.

Feb. 29, 1980.

Norman A. Cohen, Legal Intern, Victor C. Krumm, Dist. Atty., Bethel, Avrum M. Gross, Atty. Gen., Juneau, for petitioner.

Allan Beiswenger, Asst. Public Defender, Bethel, Brian Shortell, Public Defender, Anchorage, for respondent.

Before BOOCHEVER, C. J., and RABI-NOWITZ, CONNOR, BURKE and MAT-THEWS, JJ.

## OPINION

MATTHEWS, Justice.

Respondent Teddy Wassillie was indicted for the crimes of assault with a dangerous weapon, assault with intent to commit rape, and rape. Guilty verdicts were returned as to each count. The superior court then ordered that a presentence investigation be conducted and a presentence report filed. Sentencing was scheduled to be held in approximately thirty days.

Following the return of the jury's verdicts, Wassillie requested that he be continued on release status until sentencing. The request was granted. Shortly thereafter, the state moved for an order revoking Wassillie's release and remanding him to custody. The state based its motion on the provisions of AS 12.30.040(b). That statute provides:

> Notwithstanding the provisions of (a) of this section, if the offense a person has been convicted of is first degree murder, armed robbery, kidnapping, or rape (as defined in AS 11.15.130), he may not be released on bail either before sentencing or pending appeal.

The superior court denied the state's motion on the ground that the statute "as applied to this case . . . is an unconstitutional infringement of the right to bail" and upon the further ground that under Alaska Rule of Criminal Procedure 32(a), it was vested with discretion to continue Wassillie on release status.[1]

Thereafter the state petitioned for review, asserting that the constitutional right to bail terminated upon the adjudication of guilt and that Alaska Rule of Criminal Procedure 41(a)[2] mandates that AS 12.30.-040(b) apply. We have granted review in full recognition of the fact that Wassillie has now been sentenced.[3] Substantively, this petition "involve[s] [an] important recurring issues of law which may be capable of evading review."[4] We have therefore decided to exercise our discretionary review

---

1. Alaska R.Crim.P. 32(a) provides in relevant part that "[p]ending sentence the court may commit the defendant or continue or alter the bail."

2. Alaska R.Crim.P. 41(a) provides that "[t]he defendant in a criminal proceeding is entitled to be admitted to bail pursuant to AS 12.30.010–12.30.080."

3. On September 23, 1977, Wassillie was sentenced to a term of imprisonment of eight years, with six and a half years suspended. He was then immediately remanded to custody to begin serving his term of imprisonment. An opinion was issued in connection with the state's sentence appeal from the sentence given Wassillie. See State v. Wassillie, 578 P.2d 971 (Alaska 1978).

4. Martin v. State, 517 P.2d 1389, 1391 (Alaska 1974) (footnote omitted). See Doe v. State, 487 P.2d 47 (Alaska 1971); In re G.M.B., 483 P.2d 1006 (Alaska 1971); RLR v. State, 487 P.2d 27 (Alaska 1971).

authority despite the fact that the case is moot as to Wassillie.

We limit our review to the question whether the bail clause of the Alaska Constitution applies after the conviction of a person accused of a crime.[5] The alternative basis for the decision of the superior court, that the court has the discretionary power to admit one convicted of rape to bail under Alaska Rule of Criminal Procedure 32(a), involves the question whether the right to bail is procedural within the meaning of article IV, section 15 of the Alaska Constitution,[6] and, if so, whether Alaska Rule of Criminal Procedure 41(a) which was promulgated in 1973 may be interpreted as encompassing subsequent changes in the statutes which it has incorporated. The briefing on these points is entirely inadequate, and therefore this aspect of the superior court's decision will not be reviewed.[7]

In *Martin v. State*,[8] we held that the right to bail does not extend to probation revocation proceedings. We stated: "While the Alaska Constitution and statutes insure to the accused in all criminal prosecutions a right to bail, Martin was not the accused in a criminal prosecution at the time he requested bail from the trial court."[9] In distinguishing the two types of proceedings we noted that "[a] probation revocation hearing is not a criminal prosecution looking toward an adjudication of guilt or innocence."[10] Although this language lends support to the state's position that the right to bail extends only to the "adjudication of guilt or innocence," it is not dispositive of this petition.[11]

The right to bail was not an original concept of the framers of the Alaska Constitution. Provisions establishing bail as a matter of constitutional right are contained in the constitutions of most, and perhaps

5. Alaska Const. Art. I, § 11 provides:

   *Rights of Accused.* In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury of twelve, except that the legislature may provide for a jury of not more than twelve nor less than six in courts not of record. The accused is entitled to be informed of the nature and cause of the accusation; to be released on bail, except for capital offenses when the proof is evident or the presumption great; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

6. Alaska Const. Art. IV, § 15 provides:

   *Rule-Making Power.* The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. These rules may be changed by the legislature by two-thirds vote of the members elected to each house.

7. The state's "Petition for Review" does not mention these issues at all. In its "Supplemental Petition for Review" the entire treatment given them is as follows:

   The legislature has the authority to extend bail to convicted individuals, and it has done so on certain limited situations. This right of bail is statutory, not constitutional, in origin. It is also substantive in nature, so that courts

do not have authority to disregard the plain words of the statute, or alter the statute by procedural rules.

   This court has repeatedly stated that inadequately briefed issues will not be considered. See e. g., *L.E. Spitzer Co. v. Barron*, 581 P.2d 213, 218 (Alaska 1978); *Wetzler v. Wetzler*, 570 P.2d 741, 742 n.2 (Alaska 1977); *Kristich v. State*, 550 P.2d 796, 804 (Alaska 1976); *Wernberg v. Matanuska Elec. Ass'n*, 494 P.2d 790, 794 (Alaska 1972); *Lewis v. State*, 469 P.2d 689, 691–92 n.2 (Alaska 1970).

8. 517 P.2d 1389, 1398 (Alaska 1974).

9. *Id.* (footnote omitted).

10. *Id.* (footnote omitted). *Martin* was cited in *Gilbert v. State*, 540 P.2d 485, 486 (Alaska 1975) for the proposition that "an order denying bail to one accused of a crime, *but not yet convicted*," was in violation of Alaska Const. art. I, § 11.

11. This court's definition of "criminal prosecution" as used in Alaska Const. art. I, § 11 does not indicate at what point the right to bail terminates. *See, e. g., Alexander v. City of Anchorage*, 490 P.2d 910 (Alaska 1971); *RLR v. State*, 487 P.2d 27 (Alaska 1971); *State v. Browder*, 486 P.2d 925 (Alaska 1971); *Baker v. City of Fairbanks*, 471 P.2d 386, 397 (Alaska 1970).

all, American states.[12] The usual provision reads, with slight variations from state to state: "All persons shall be bailable by sufficient sureties, except for capital offenses, when the proof of guilt is evident, or the presumption thereof is great." [13]

Such clauses are similar to the bail clause contained in article I, section 11 of the Alaska Constitution which provides: "The accused is entitled . . . to be released on bail, except for capital offenses when the proof is evident or the presumption great . . . ." If anything, they lend themselves more readily to a construction that they apply to post conviction bail than does our bail clause, since they refer to "all persons" and ours is limited to "the accused." However, the uniform interpretation they had received when the Alaska Constitution was drafted and approved was that they applied only to bail before a conviction.[14] There is no indication either in the language of the constitution or the minutes of the constitutional convention that the framers of the Alaska Constitution

meant to deviate from this broadly accepted interpretation.[15] If a result at variance with the historic experience of our sister states were intended, the framers would have found the words to express it. Far from doing so, they chose largely customary phraseology which everywhere else had been taken to be a grant of the right to bail only before a conviction. It is plain to us that the framers of our constitution intended the same result.

We reject the argument expressed by the dissenting opinion that each of the rights enumerated in article I, section 11 of the Alaska Constitution must terminate at the same point in the course of a criminal case. We see no compelling reasons why, for example, the right to counsel, the speedy trial right, and the right to bail should share the same point of termination because these rights serve separate and largely unrelated purposes. Moreover, even under the dissenting opinion, they do not share a common termination point because the right to

12. *See State v. Flowers,* 330 A.2d 146, 147 (Del.1974). *See also* Annot. 19 A.L.R. 807 (1922) and Annot. 77 A.L.R. 1237 (1932).

13. *Ex Parte Herndon,* 18 Okl.Cr. 68, 192 P. 820 (1920). *See, e. g., In re Podesto,* 15 Cal.3d 921, 127 Cal.Rptr. 97, 544 P.2d 1297 (1976); *State v. Flowers,* 330 A.2d 146 (Del.1974); *Ex Parte Heath,* 227 Mo. 393, 126 S.W. 1031 (1910); *Ex Parte Halsey,* 124 Ohio St. 318, 178 N.E. 271 (1931); *State v. Helton,* 72 Wyo. 105, 261 P.2d 46 (1953).

14. "The constitutional provision . . . does not refer to cases wherein a conviction has been had in a court of competent jurisdiction." *Ex Parte Herndon,* 18 Okl.Cr. 68, 192 P. 820, 821 (1920). *See e. g., Ex Parte Voll,* 41 Cal. 29 (1871); *Ex Parte Schriber,* 19 Idaho 531, 114 P. 29 (1911); *Braden v. Lady,* 276 S.W.2d 664 (Ky.1955); *Ex Parte Heath,* 227 Mo. 393, 126 S.W. 1031 (1910); *State v. Bradsher,* 189 N.C. 401, 127 S.E. 349 (1955); *Ex Parte Halsey,* 124 Ohio St. 318, 178 N.E. 271 (1931); *City of Sioux Falls v. Marshall,* 48 S.D. 378, 204 N.W. 999 (1925); *Hicks v. State,* 179 Tenn. 601, 168 S.W.2d 781 (1943); *Ex Parte Berry,* 198 Wash. 317, 88 P.2d 427 (1939); *State v. Helton,* 72 Wyo. 105, 261 P.2d 46 (1953). *Contra, New Orleans v. Lacoste,* 169 La. 717, 125 So. 865 (1930) (This decision is based on an express

provision of the Louisiana Constitution providing for post conviction bail as a matter of right).

15. In fact the minutes of the constitutional convention reflect a desire to follow the experience of the other states concerning the right to bail. Thus delegate Victor Fischer stated, in virtually the only recorded comment made to the constitutional convention concerning the bail clause:

The language in the Federal Constitution reads generally to the effect that excessive bail shall not be required. *A number of states have changed that language to provide more or less the language we have, that the accused may be released on bail except for capital offenses.* But in practically every case where this new language is used, the words "when, proof is evident and the presumption great" [sic] and that is a necessary protection for the accused and *we should follow the majority of the states in this case. It has proven a desirable practice.* The actual determination of when a person is released on bail, if charged with a capital offense, is still up to the judge. [Emphasis added].

2 Proceedings of the Alaska Constitutional Convention 1344–45 (Jan. 6, 1956).

`counsel continues through an appeal[16] while, according to the dissent, the right to bail terminates when sentencing has been completed.

For these reasons we hold that the bail clause in our constitution does not afford a right to post-conviction bail.

RABINOWITZ, Justice, dissenting.

I disagree with the majority's holding that the right to bail under the Alaska Constitution extends only to adjudication of guilt. I also disagree with the majority that it need not consider the other basis for the superior court's denial of the state's motion to return Wassillie to custody pending sentencing.

Here the majority concludes that the relevant clause in the Alaska Constitution should be construed in conformity with the bail provisions of most other states. But these jurisdictions have separate sections in their constitution pertaining to the subject of bail. Generally, these provisions regarding the right to bail, as the majority notes, provide that: "All persons shall be bailable by sufficient sureties, except for capital offenses, when the proof of guilt is evident, or the presumption thereof is great."[1]

The Alaska constitutional provision is not of this form. Only in Alaska and Connecticut[2] is the right to bail made part of the constitutional provision enumerating the various rights of an accused. The Alaska Constitution, article I, section 11 provides:

In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury of twelve, except that the legislature may provide for a jury of not more than twelve nor less than six in courts not of record. The accused is entitled to be informed of the nature and cause of the accusation; to be released on bail, except for capital offenses when the proof is evident or the presumption great; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel for his defense.

I am convinced that this distinctive context calls forth other principles of constitutional construction in determining issues raised in the instant matter.[3] For "[t]he general rule in constitutional construction is to give import to every word and make none nugatory." *Hootch v. Alaska State Operated School System*, 536 P.2d 793, 801 (Alaska 1975) (footnote omitted).

It is clear that of the enumerated rights in this section of Alaska's Constitution, other than the right to bail, neither the accused's right to counsel nor the right to a speedy trial is extinguished once a determination of guilt has been made.[4] Under the Sixth Amendment to the Constitution of

---

**16.** *Douglas v. California*, 372 U.S. 353, 356, 83 S.Ct. 814, 816, 9 L.Ed.2d 811, 814 (1963).

**1.** For a compilation of the state constitutional provisions on the right to bail, see W. Duker, *The Right to Bail: A Historical Inquiry*, 42 Albany L.Rev. 33, 93 n.373 (1977).

**2.** Conn.Const. art. I, § 8. Connecticut case law suggests that in that state the right to bail terminates at conviction. *See State v. Chisholm*, 29 Conn.Sup. 339, 287 A.2d 389, 390 (1971); *State v. Vaughan*, 71 Conn. 457, 42 A. 640 (1899). However, this interpretation appears to be based on earlier versions of the Connecticut constitution which took the form found in other states as already mentioned. *See* Conn.Const. art. I, § 14 (1955); Conn. Const. art. I, § 14 (1818).

**3.** The majority also attaches weight to the remarks of a delegate to the constitutional convention made on the floor of the convention to the effect that the Alaska language is similar to that found in the majority of the state constitutions. I find the delegate's remarks are obtuse and directed toward different purposes so that, in my view, they fail to shed any light on the present controversy.

**4.** Using the time of adjudication of guilt as a termination point for certain constitutional rights of an accused would have no impact on the rights to be informed of the nature of the accusation or to have an impartial jury. However, the adoption of such a termination point would arguably impinge upon the accused's rights to be confronted with the witnesses against him, to a public trial, and to have compulsory process for obtaining witnesses, at least as these rights pertain to sentencing hearings.

the United States, it is provided that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." In *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the Supreme Court held that the right to counsel in a state criminal prosecution exists at every stage in the proceeding. Subsequently, in *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), the Court explicitly recognized that sentencing is a critical stage of a criminal prosecution in which the presence of counsel is required.[6] Concerning the right to a speedy trial, we noted in *Gonzales v. State*, 582 P.2d 630 (Alaska 1978), that the language of the Sixth Amendment to the United States Constitution and article 1, section 11 of the Alaska Constitution is identical. We held in *Gonzales* that sentencing delays are governed by both the federal and Alaska constitutional guarantees of a speedy trial.[7] These decisions dealing with an accused's rights to a speedy trial and to the assistance of counsel in my opinion point to an appropriate resolution of this petition.

Relevant judicial precedent is sparse. None of the cases I have reviewed treat specifically the phraseology of the "accused" in a "criminal prosecution." Those jurisdictions which have considered the question of bail during the period between an adjudication of guilt and sentencing focus upon "conviction" and not on the meaning of the terms "the accused" in a "criminal prosecution."[8] Judicial decisions which have adopted the interpretation that one is no longer an "accused" after a determination of guilt has taken place have been based on the following grounds: that the major reasons for pre-trial release, the presumption of innocence and assistance in preparation of defense, are extinguished at this point; that the risk that an accused who has been found guilty will not make future appearances is increased, since the imposition of sanctions is now certain; and that the concern regarding the possibility of punishing one who has not been found guilty is eliminated with the adjudication of guilt.[9]

Judicial precedent holding that the right to bail extends through the sentencing stage of a criminal proceeding emphasize that the presumption of innocence should continue until the court has imposed sentence. After a guilty verdict, the court is not necessarily bound by the verdict and may act to terminate the prosecution or to set aside the adjudication of guilt in response to a variety of authorized post-trial motions. Until sentencing takes place, it remains uncertain whether the sentencing sanction will include any period of incarceration. Even though there is an increased risk to the public that the accused will flee after there has been an adjudication of guilt, the recognition of a right to bail does

5. The text of article 1, section 11 of the Alaska Constitution parallels that of the Federal Sixth Amendment.

6. *See also Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Cohen, *Sentencing, Probation, and the Rehabilitative Ideal*: The View from Mempa v. Rhay, 47 Texas L.Rev. 1, 3 (1968).

7. Our analysis in *Gonzales* did not involve a construction of the particular constitutional text but relied on considerations of policy. In *Gonzales*, we concluded that while not all the policy considerations which support the right to a speedy trial are strictly relevant to sentencing delays, enough are so that the right to a speedy trial was held to encompass sentencing delays. *Gonzales v. State*, 582 P.2d 630, 632–33 (Alaska 1978).

8. *See State v. Quinn*, 10 Ariz.App. 552, 460 P.2d 658, 661 (1969); *Ex parte Brown*, 68 Cal. 176, 8 P. 829, 830–33 (1885); *cf. State v. Christiana*, 249 La. 247, 186 So.2d 580, 587 (1966), *cert. denied*, 385 U.S. 835, 87 S.Ct. 77, 17 L.Ed.2d 68 (1967).

9. *See, e. g., State v. Flowers*, 330 A.2d 146, 148 (Del.1974); *Commonwealth v. Fowler*, 451 Pa. 505, 304 A.2d 124, 129–30 (1973).

not foreclose the sentencing court from altering the conditions of the accused's bail to reduce the risk of flight.[10]

Additionally, I think it appropriate to note that in *Bradley v. United States*, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973), the Supreme Court was confronted with the problem of determining the meaning of "prosecution" in a savings clause, section 103(a) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, providing that prosecutions, prior to the effective date of the statute, would not be affected. The Supreme Court stated:

> Rather than using terms in their everyday sense, '[t]he law uses familiar legal sense.' The term 'prosecution' clearly imports a beginning and an end.
>
> In *Berman v. United States*, 302 U.S. 211, 82 L.Ed. 204, 58 S.Ct. 164 (1936), this Court said, 'Final judgment in a criminal case means sentence. The sentence is the judgment.' In the legal sense, a prosecution terminates only when sentence is imposed. (citations omitted) [11]

Given the foregoing, I conclude that an accused's right to bail in a criminal prosecution under the wording of article 1, section 11 of the Alaska Constitution extends beyond an adjudication of guilt and continues until sentencing has been completed. Admittedly, the policy considerations both for and against this conclusion are closely balanced. Nevertheless, I think the right to bail under article 1, section 11, of the Alaska Constitution must be so construed to bring it in harmony with other rights which are granted an accused in a criminal prosecution. Interpreting the terms "accused" in a "criminal prosecution" in their familiar legal sense leads to the conclusion that an accused retains the status of an accused until a judgment of conviction is entered,[12] and that a criminal prosecution remains a criminal prosecution which is terminated by the entry of a judgment of conviction, not by an adjudication of guilt.

I thus would hold that insofar as AS 12.30.040(b) purports to limit the right to bail of an accused in a criminal prosecution after an adjudication of guilt, but prior to sentencing, it conflicts with and is contrary to the right to bail as embodied in article 1, section 11 of the Alaska Constitution.

Furthermore, assuming arguendo that the constitutional right to bail does not extend to sentencing, I cannot agree with the majority's conclusion that the legislature may limit the court's discretion to grant bail.

The order of the superior court in denying the state's motion to return Wassillie to custody not only held that AS 12.30.040(b) was in violation of the Alaska Constitution but that the court was obligated to follow the applicable criminal rules pertaining to bail, which supersede any procedural provisions of any inconsistent statute unless the statute was enacted for the specific purpose of changing a court rule.[13] The superior

---

**10.** *People ex rel. Moffitt v. Quinlan*, 69 Misc.2d 1088, 332 N.Y.S.2d 447 (1972).

**11.** *Bradley v. United States*, 410 U.S. 605, 609, 93 S.Ct. 1151, 1154, 35 L.Ed.2d 528, 532. The footnote to the quoted text in the original reads:

> These cases involve determining whether a judgment in a criminal case is final for the purpose of appeal and determining whether the function of the trial judge has been concluded so that he may not alter the sentence previously imposed to include probation. The precise issues are, of course, different from the issue in this case. But these cases do show the point at which a prosecution terminates, and that is the issue here.

**12.** Black's Law Dictionary at page 38 (4th Ed. 1968) defines "accused" in the following manner:

> 'Accused' is the general name for the defendant in a criminal case. . . . [t]he person against whom an accusation is made; one who is charged with a crime or misdemeanor. (citation omitted)

**13.** *See* Alaska R.Crim.P. 52, which provides:

> These rules are promulgated pursuant to constitutional authority granting rule making power to the supreme court, and to the extent that they are inconsistent with any procedural provisions of any statute not enacted

court in its bail decision noted the discretion granted the court by virtue of the provisions of Criminal Rule 32(a), which provides that: "[p]ending sentence the court may commit the defendant or continue or alter the bail." The superior court further held that AS 12.30.040(b), in removing its discretion to continue or alter bail as to certain offenses, was not specifically intended to modify Criminal Rule 32(a) and thus has no effect and is void.

The majority concludes that it need not consider this issue because it was inadequately briefed. This conclusion, I think, fails to consider the procedural context of this case. The superior court ordered Wassillie released from custody and then denied the state's motion to have him returned to custody. The state petitioned for review of the superior court's denial. Thus, once review is granted of the superior court's order releasing Wassillie, it is incumbent upon us to consider both grounds upon which the motion was granted. I do not think that we can selectively permit review of one ground only and not consider others, if they exist.

On appeal, the state does not contend that AS 12.30.040(b) was specifically intended to change Rule 32(a) but that Criminal Rule 41(a) is dispositive procedurally of the matter. This latter rule provides:

The defendant in a criminal proceeding is entitled to bail pursuant to AS 12.30.010–12.30.080.

Wassillie notes that Criminal Rule 41(a) was amended prior to the enactment of AS 12.-30.040(b) in 1974. Rule 41(a) took its present form by amendment through Supreme Court Order 157, effective February 15, 1973. Although the wording is somewhat ambiguous, I think that Rule 41(a) does not encompass the subsequent change in the Bail Reform Act that resulted with the enactment of AS 12.30.040(b). Reading Criminal Rules 32(a) and 41(a) together precludes alteration by subsequent legislation, absent an express purpose to change the rules. This analysis is based on the assumption that bail is a matter of procedure.

At common law, the question whether an accused was to be released on bail at any stage of the proceedings was one left to be answered by the court in its discretion.[14] It is still generally recognized that courts have the inherent power to make determinations as to bail and bail conditions or revocation when such actions are appropriate to the orderly process of criminal justice, even in the absence of specific statutory authorization. As one court stated:

It is our conclusion that a specific statute granting the trial court authority to revoke bail is not necessary, since a court with jurisdiction over a criminal has the power to enforce its orders as to bail just as it has control over other orders.[15]

Despite this traditionally accepted power of the courts with respect to release on bail, most jurisdictions seem to adhere to the

---

for the specific purpose of changing a rule, shall supersede such statute to the extent of such inconsistency.

Article IV, section 15, of the Alaska Constitution provides, in part, that this court's rules "may be changed by the legislature by two-thirds vote of the members elected to each house." *See City of Valdez v. Valdez Dev. Co.*, 506 P.2d 1279 (Alaska 1973); *Leege v. Martin*, 379 P.2d 447 (Alaska 1963).

14. "The court of King's bench had the right to bail after, as well as before, conviction." *State v. Flowers*, 330 A.2d 146, 148 n.2 (Del.1974), quoting *Ex parte Ezell*, 40 Tex. 451 (1874). *See also United States v. Stanley*, 152 U.S.App.D.C. 170, 175, 469 F.2d 576, 581 (D.C.Cir.1972) ("application for release pending appeal is a function historically committed to trial judges");

*DeAngelis v. State of South Carolina*, 330 F.Supp. 889, 891 (D.S.C.1971) ("At common law, courts had the inherent power to grant bail."); *Rose v. Nickeson*, 29 Conn.Sup. 81, 271 A.2d 855, 856 (1970) ("Since bail is not the handmaiden of custody, the power to admit to bail is inherent in the court so long as the prisoner is in its custody.").

15. *Mello v. Superior Court*, 117 R.I. 578, 370 A.2d 1262, 1265 (1977). *See also United States v. Smith*, 444 F.2d 61, 62 (8th Cir. 1971), cert. denied, 405 U.S. 977, 92 S.Ct. 1205, 31 L.Ed.2d 253, 822 (1972); *United States v. Stanley*, 449 F.Supp. 467, 469 (N.D.Cal.1978); *People ex rel. Hemingway v. Elrod*, 60 Ill.2d 74, 322 N.E.2d 837, 840–43 (1975).

view that the legislature may define the scope of non-constitutional rights to bail and those classes of offenses to which those rights apply.[16] One court, for instance, has termed it a "time-honored rule" that "bail is not allowed in any case except in pursuance of some statute."[17] Yet this same court relied on a judicially created doctrine to hold that "a citizen cannot arbitrarily be denied a bail hearing solely because of a lack of statutory authority for release."[18] In *People ex rel. Hemingway v. Elrod*, 60 Ill.2d 74, 322 N.E.2d 837 (1975), the Illinois Supreme Court rejected the Illinois Assembly's attempt to define "capital offenses" subject to only discretionary pre-trial release, in the wake of *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, *reh. denied*, 409 U.S. 902, 93 S.Ct. 89, 34 L.Ed.2d 163 (1972). The Assembly substituted the offenses "murder, aggravated kidnapping or treason" for offenses where "death is a possible punishment" in its statutory provisions defining "capital offenses."[19] The Illinois Court rejected this attempt at "classifications" of offenses, stating:

> In our opinion the constitutional right to bail must be qualified by the authority of the courts, as an incident of their power to manage the conduct of proceedings before them, to deny or revoke bail when such action is appropriate to preserve the orderly process of criminal procedure.[20]

The court held that pre-trial bail release questions were "within the inherent power of the court" and its "inherent authority to enforce its orders and to require reasonable conduct from those over whom it has jurisdiction."[21]

While this conflict, with its overtones of constitutional interpretation, was somewhat weighted in favor of the judicial branch, other cases reveal the difficult nature of this question of governmental power, veiled in "substance" and "procedure."[22] A much more relevant case to Wassillie's argument is the decision of the Washington Supreme Court in *State v. Smith*, 84 Wash.2d 498, 527 P.2d 674 (1974), which dealt with the source of authority for the right to release after conviction and pending appeal. The Washington court, finding no constitutional limits on bail in that context, held that the provisions of a criminal rule promulgated by the court, and not a conflicting legisla-

---

**16.** *See Carlson v. Landon*, 342 U.S. 524, 545–46, 72 S.Ct. 525, 536–37, 96 L.Ed. 547, 563 (1952) (eighth amendment does not prevent Congress from classifying offenses into those in which an accused is entitled to bail as a matter of right and those in which bail is discretionary); *Mastrian v. Hedman*, 326 F.2d 708, 710 (8th Cir. 1964), *cert. denied*, 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964); *Turco v. State of Maryland*, 324 F.Supp. 61, 63 (D.Md. 1971), *aff'd*, 444 F.2d 56 (4th Cir. 1971); *People v. Sanders*, 185 Colo. 153, 522 P.2d 735, 736 (1974); *State v. Flowers*, 330 A.2d 146, 149 (Del.1974); *Critchlow v. State*, 264 Ind. 458, 346 N.E.2d 591, 599–600 (1976); *Hanson v. Gladden*, 34 Or. 494, 426 P.2d 465 (1967).

**17.** *West v. Janing*, 449 F.Supp. 548, 552 (D.Neb.1978), *quoting United States v. Curran*, 297 F. 946, 952 (2d Cir. 1924). *See also United States v. Sine*, 461 F.Supp. 565, 567 (D.S.C. 1978); *Emery v. Fenton*, 266 N.W.2d 6, 7 (Iowa 1978).

**18.** *West v. Janing*, 449 F.Supp. at 552. The court found a judicially-based right to release pending appeal for an "interstate fugitive"

challenging extradition proceedings. The asylum state had no statutory provisions authorizing release in that context.

**19.** *People ex rel. Hemingway v. Elrod*, 60 Ill.2d 74, 322 N.E.2d 837, 839 (1975).

**20.** *Id.* 322 N.E.2d at 840.

**21.** The court adopted various ABA Standards Relating to Pretrial Release (1968) as the law in Illinois. *Id.* 322 N.E.2d at 841–43.

**22.** *See Smiloff v. State*, 579 P.2d 28, 33 n.19 (Alaska 1978) (recognizing "that the line between substance and procedure is an elusive one.") *See also Padie v. State*, 566 P.2d 1024, 1029–30 (Alaska 1977); *Thomas v. State*, 566 P.2d 630, 636–38 (Alaska 1977); *Gieffels v. State*, 552 P.2d 661, 667–68 (Alaska 1976); *Winegardner v. Greater Anchorage Area Borough*, 534 P.2d 541, 545–46 (Alaska 1975); *Channel Flying, Inc. v. Bernhardt*, 451 P.2d 570, 576 (Alaska 1969); *Ware v. City of Anchorage*, 439 P.2d 793, 794 (Alaska 1968).

tive enactment, were controlling as to questions of bail pending appeal. The Supreme Court of Washington based its conclusion on the distinction between substantive and procedural authority, reasoning that:

> Substantive law prescribes norms for societal conduct and punishments for violations thereof. It thus creates, defines, and regulates primary rights. In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law[s], rights, and remedies are effectuated. . . . Since the inherent power to fix bail is grounded in the power to hold a defendant, and thus relates to the *manner* of ensuring that the alleged offense will be heard by the court, we believe it to be implicit that the right to bail is essentially procedural in nature. . . .

Since the promulgation of rules of procedure is an inherent attribute of the Supreme Court and an integral part of the judicial process, such rules cannot be abridged or modified by the legislature. Thus, the right to bail (and release) after verdict and pending appeal . . . . is governed solely by the provisions of [the criminal rule].[23]

In so holding, *Smith* gave effect to a criminal rule which provided:

> *Release After Verdict.* A defendant (1) who is charged with a capital offense, or (2) who has been found guilty of a felony and is either awaiting sentence or has filed an appeal, shall be released pursuant to this Rule, unless the court finds that the defendant may flee the state or pose a substantial danger to another or to the community. If such a risk of flight or danger exists, the defendant may be ordered detained.

In contrast, the legislative enactment invalidated in *Smith* required that bail be set on appeal in all except capital cases, a provision more charitable than the court's rule.[24] Thus, while the *Smith* decision might be seen as consistent with the traditionally inherent power of the courts to deny or revoke bail, it contravenes the principle of legislative authority in defining the right to release on bail.

The Illinois Supreme Court, in *People ex rel. Stamos v. Jones*, 40 Ill.2d 62, 237 N.E.2d 495 (1968), also invalidated a statutory provision which conflicted with its adopted procedural rules. The court's rules provided that a convicted defendant "may be admitted to bail and the sentence . . . stayed by a judge of the trial or reviewing court." The statute provided that one convicted of a forcible felony "shall not be entitled to a continuation of his bail and the sentence of imprisonment shall not be stayed by the trial court."[25] The court held that its rules were controlling because "the constitution has placed responsibility for rules governing appeal in the Supreme Court, and not in the General Assembly."[26]

The *Jones* context parallels the situation presented in the instant case and furnishes support for the invalidation of AS 12.30.-

23. *State v. Smith*, 84 Wash.2d 498, 527 P.2d 674, 677 (1974) (citations omitted).

24. *Id.* 527 P.2d at 676. The *Smith* court also noted the fact that the legislature had delegated the power to prescribe rules for bail pending appeal was "a second and alternative rationale, but not the principle or basic one." *Id.* 527 P.2d at 677. The legislature could, of course, remove that basis for the court's asserted authority.

25. *People ex rel. Stamos v. Jones*, 40 Ill.2d 62, 237 N.E.2d 495, 496 (1968).

26. *Id.* 237 N.E.2d at 498. Other cases also assert a judicial power to define the right to bail. In *Commonwealth v. Fowler*, 451 Pa. 505, 304 A.2d 124 (1973), the Pennsylvania Supreme Court held that the existing state law as to bail after conviction was that embodied in the court's criminal rules. *Id.* 304 A.2d at 128. After an analysis of the societal values involved, the court concluded;

> In the exercise of our supervisory capacity we hold that bail should not be granted to one convicted of murder in the first degree between entry of the verdict and the imposition of formal sentence.

Unlike the situation in *Smith* and *Jones*, the *Fowler* court noted no statutes in conflict with either its criminal rules as to bail or its "supervisory" holding.

040(b) on the grounds that it encroaches on an "inherently judicial function" by completely eliminating the possibility of release on bail pending appeal, with regard to enumerated offenses.[27]

The argument for judicial discretion is strong in the case of release pending sentencing. It is anomalous to allow a court to decide not to impose a term of confinement as a sentence for these offenses (a result contemplated by both the relevant statutes and case law, though unlikely in most cases for these offenses), and yet not allow that same court the discretion to release the convicted person pending imposition of that sentence. This would effectively result in a mandatory minimum sentence of confinement for the several weeks or months often necessary to obtain the information necessary for sentencing. Further, there is also the possibility that a court might set aside the verdict and grant a new trial, creating a situation in which the defendant was unjustly incarcerated for at least some period of time as a result of the unavailability of an individual consideration of bail.

I am persuaded that the matter of bail is a procedural power inherent in the judicial function. As the District of Columbia Court of Appeals noted in *United States v. Stanley*, 152 U.S.App.D.C. 170, 175, 469 F.2d 576, 581 (D.C.Cir.1972) (footnotes omitted):

> Not surprisingly, then, initial resolution of an application for release pending appeal is a function historically committed to trial judges. It cannot be gainsaid

that "the keynote to successful administration of any system of bail is the adequacy of the information upon which the decisions are based." The need for ample information is particularly acute to investigations of potential danger to the community, findings relative to which, as has aptly been said, "must rest on a 'scrupulous inquiry' into appellant's past, his prospects if released, and conditions of release to mitigate the danger." The trial court is not only the traditional but also the superior tribunal for the kind of information-gathering which a sound foundation for a bail ruling almost inevitably requires. For it is there that, at a hearing, the judge can come face-to-face with the primary informational sources, and probe for what is obscure, trap what is elusive, and settle what is controversial. It is there, too, that the judge has at his disposal "the judicial machinery necessary to marshal the facts typically relevant to the release inquiry."

.   .   .   .   .

Findings on the risks of danger or flight, and on the efficiency of particular conditions of release to sufficiently minimize those risks, are obviously enriched by a feel of the case that comes only from participation in the live trial. The respect we customarily accord the district judge's determinations attests the value of his appraisal of the intangibles which ultimately make or break the case for bail.

---

27. Florida has gone through various changes with respect to this question. The Florida Supreme Court, in *Greene v. State*, 238 So.2d 296 (Fla.1970), recited the statutory basis of bail rights. However, a later opinion, *Bernhardt v. State*, 288 So.2d 490 (Fla.1974), invalidated statutory provisions which precluded bail in certain probation and parole revocation situations on the grounds that bail in that context was essentially procedural in nature and, thus, amenable only to court rule-making authority.

Several Florida intermediate appellate court cases interpreted *Bernhardt* as necessarily invalidating a statute which eliminated bail on appeal for one with a prior felony conviction, in contrast to the discretionary language provided for bail in precisely that context in the court's rules of criminal procedure. *See Rolle v. State*, 314 So.2d 624 (Fla.App.1975); *State ex rel. Harrington v. Genung*, 300 So.2d 271 (Fla.App. 1974); *Bamber v. State*, 300 So.2d 269 (Fla. App.1974). The principle in these cases was subsequently cited with approval by both the majority and the dissent in *Johnson v. State*, 336 So.2d 93 (Fla.1976).

However, the legislature, pursuant to its authority under Florida law, repealed the conflicting court rules, and the Florida Supreme Court subsequently conformed the rules to the statute. *The Florida Bar re Florida Rules of Criminal Procedure*, 343 So.2d 1247, 1250, 1262 (Fla. 1977).

Though this court has recognized that the legislature has more than minimal authority to define the nature of the right to post-conviction release in Alaska,[28] I think the complete abolition of individualized judicial determination of the suitability for release cannot be accomplished without an explicit statutory revision of the applicable rules [29] of criminal procedure pertaining to bail.

Thus, even if the constitutional right to bail does not extend until sentencing, I am convinced that Criminal Rule 32(a) mandates individualized bail decisions.

**28.** *See Carman v. State*, 564 P.2d 361, 363 (Alaska 1977) ("Through subsequent amendments of Alaska's Bail Reform Act, in determining bail and conditions of release, our courts are now empowered to take into consideration whether the person charged with an offense 'will pose a danger to other persons and the community' "); *Martin v. State*, 517 P.2d 1389, 1395 (Alaska 1974) ("In addition to the constitutional guarantee of bail, a right to bail is found in the Alaska Statutes.").

**29.** *See* note 13 *supra*.