**Robert COCHRANE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4479.**

Supreme Court of Alaska.

Sept. 8, 1980.

Walter Share, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, and John Vacek, Alaska Legal Services Corp., Kodiak, for appellant.

David Mannheimer, Asst. Atty. Gen., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ.

### ORDER

IT IS ORDERED, *sua sponte*:

This petition for bail review is dismissed as moot.

RABINOWITZ, C. J., dissents from this order for the reasons stated in the attached dissenting opinion.

RABINOWITZ, Chief Justice, dissenting.

I dissent from the order dismissing the case as moot. The issue presented by this case is the constitutionality of the following provision from the bail statute, AS 12.30.-040(b):

> Notwithstanding the provisions of [subpart] (a) of this section, if the offense a person has been convicted of is first degree murder, armed robbery, kidnapping, or rape . . ., he may not be released on bail either before sentencing or pending appeal.

This court's order is partially due to the oral decision made by United States District Court Judge James Fitzgerald in *Walker v. Huston*, No. A79–395 Civil (D. Alaska, May 29, 1980), which found the above statute violative of the Equal Protection Clause of the United States Constitution. In my opinion, this decision is correct and represents the current state of the law on the subject.

What concerns me is that the *Walker* decision, being an unpublished oral decision, probably has been insufficiently publicized to protect defendants whose attorneys may not be aware of the decision. For this reason, I believe that this court should decide the bail issue in this case in accord with the rationale of the United States District Court and publish such opinion.

Further, I think this court's order disregards prior case law in which we have decided cases presented to us in substantially the same stance. In *State v. Wassillie*, 606 P.2d 1279 (Alaska 1980), we expressly noted that we were reviewing the bail issue despite mootness because of the important recurring issues involved. 606 P.2d at 1280–81. Thus, I conclude that the order in this case is inconsistent with *Wassillie*.