ON MOTION TO REVIEW
Emile Boudreaux applied for judicial review of his conviction and sentence for the crime of hit and run driving, La.R.S. 14:100. He also requested a stay order to suspend one of the special conditions of probation: the payment of restitution to the victim. The Chief Judge signed an order granting judicial review but refused to stay execution of the judgment, noting that a post conviction bond had been set by the trial judge. The applicant has filed a motion to review the denial of his request for a stay order before a panel of this court.
It is the contention of the applicant that bail is an inappropriate remedy to suspend the execution of a sentence where the defendant’s only available avenue of judicial review is by writ application. He argues that bail is appropriate only in appealable cases, relying on C.Cr.P. Article 913 B. That article covers the effect of an appeal when taken by the State or when taken by the defendant and it does not limit the effect only to felony cases but is applicable to both felony and misdemeanor cases.
The defendant’s right to bail is delineated in the Constitution, and C.Cr.P. Article 913 B must be considered in light of those constitutional requirements. The Louisiana Constitution of 1974, Article 1, Section 18, provides that after the sentencing and until the final judgment, a person shall be bailable if the sentence actually imposed if 5 years or less. It is obvious that this post sentencing bail is contingent only upon the *1134 length of the sentence actually imposed, and there is no differentiation upon the class of offense or the method of judicial review. This constitutional mandate is carried out in the codal scheme as Article 314 of the Code of Criminal Procedure. The availability for post sentencing bail for misdemeanors is demonstrated in the case of State v. Hollingsworth, 137 La. 144, 68 So. 387 (1915). See also City of New Orleans v. LaCoste, 169 La. 717, 125 So. 865 (1930).
For these reasons, we are of the opinion that the suspension of the execution of the sentence during judicial review is governed by the furnishing of post sentence bail and not by application to us for stay order.
We do note, however, that the amount of post sentence bail set in this case, $25,-000.00, appeared to be excessive on the basis of the pleadings before us, the crime being a misdemeanor. We have examined the record to determine whether there was some apparent reason therein why such a high bond was set. Our examination discloses that the defendant did not appear in court on September 4, 1985 as ordered, and indeed there is now an attachment for his arrest for not appearing. Under those circumstances, we see no basis upon which we should review the excessiveness of the bail at this time.
The application for a stay order suspending the execution of the sentence is denied.