**Judy M. MITCHELL, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–3818.

Court of Appeals of Alaska.

Oct. 25, 1991.

**1164**

David R. Weber, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Terry A. Fikes, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Judy M. Mitchell pleaded no contest to two counts of unsworn falsification, AS 11.56.210(a)(1), preserving her right to challenge the convictions on double jeopardy grounds. *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974). We affirm.

In August and September, 1989, Mitchell applied for and received unemployment insurance benefits; however, she lied in her benefits application. When this was discovered, Mitchell agreed to repay the unlawfully obtained benefits plus the 50-percent penalty specified in AS 23.20.390(f). She also signed the following acknowledgement:

> It is expressly understood and agreed that this [repayment] agreement relates exclusively to my civil liability to make restitution of overpaid benefits ... and that it in no way relates to or absolves me from any other liability imposed by state or federal law.

Two weeks after she signed this acknowledgment, Mitchell was served with a criminal complaint charging her with five counts of unsworn falsification based on the fraudulent unemployment benefit claims she had submitted to the Department of Labor. She asked the district court to dismiss these charges, asserting that the criminal charges violated the guarantee against double jeopardy. The district court denied Mitchell's motion, leading to this appeal.

■ Mitchell contends that she was already penalized for her conduct when the court imposed the 50-percent civil penalty provided in AS 23.20.390(f), and that the double jeopardy clauses of both the federal and state constitutions bar further prosecution. Mitchell is in error.

With regard to the federal guarantee against double jeopardy contained in the Fifth Amendment to the United States Constitution, Mitchell's argument is foreclosed by *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). The defendant in *Halper*, a physician, had fraudulently inflated the value of 65 Medicare claims by $9.00 each. He received a prison sentence and a fine of $5000. The governing statute also provided for a civil penalty of $2000 per false claim. Under this provision, the defendant was assessed a penalty of $130,000 for submitting false claims totaling $585. This penalty, the Supreme Court ruled, was so disproportionate to the government's loss that it should be considered a criminal punishment: imposing the full statutory amount in the civil

lawsuit would violate the double jeopardy clause of the Fifth Amendment because it would punish Halper a second time for the same conduct for which he had been convicted.

Thus, in *Halper*, the United States Supreme Court ruled that the imposition of ostensibly "civil" penalties for fraud upon the government could potentially constitute "jeopardy" if the penalties were completely disproportionate to the injury suffered by the government. But although the Supreme Court granted relief to Halper, the court carefully affirmed its prior cases upholding the government's right to impose civil penalties in excess of the government's actual loss:

> [T]he Government is entitled to rough remedial justice, that is, it may demand compensation according to somewhat imprecise formulas, such as reasonable liquidated damages or a fixed sum plus double damages, without being deemed to have imposed a second punishment for the purpose of double jeopardy analysis.

*Halper*, 490 U.S. at 446, 109 S.Ct. at 1900.

> [W]e have recognized that in the ordinary case fixed-penalty-plus-double-damages provisions can be said to do no more than make the Government whole. We cast no shadow on these time-honored judgments. What we announce now is a rule for the rare case ... where a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused.

*Halper*, 490 U.S. at 449, 109 S.Ct. at 1902.

Mitchell was obliged to repay the amount she fraudulently obtained from the Department of Labor plus a penalty of 50 percent. The language of *Halper* demonstrates that Mitchell has no claim under the federal Constitution.

■ Mitchell's brief to this court contains no separate argument based on the double jeopardy provision found in Article I, Section 9 of the Alaska Constitution. However, at oral argument Mitchell's attorney urged this court to interpret this provision more broadly than its federal counterpart. We decline to do so for two reasons.

First, this contention was not briefed; it is therefore not preserved. *Wren v. State*, 577 P.2d 235, 237 n. 2 (Alaska 1978). Second, when a litigant claims that a provision of the state constitution should be interpreted at variance with its federal counterpart, it is incumbent upon that litigant to point this court to something in the text, context, or history of the Alaska Constitution which justifies this divergent interpretation. *Abood v. League of Women Voters*, 743 P.2d 333, 340–43 (Alaska 1987); *State v. Wassillie*, 606 P.2d 1279, 1281–82 (Alaska 1980); *Annas v. State*, 726 P.2d 552, 556 n. 3 (Alaska App.1986); and *State v. Dankworth*, 672 P.2d 148, 151 (Alaska App.1983). Mitchell has failed to do this.

■ At oral argument, Mitchell claimed that the "fair and just treatment" clause of Article I, Section 7 of the state constitution indicates that Alaska's double jeopardy clause should be interpreted expansively. This clause reads: "The right of all persons to fair and just treatment in the course of legislative and executive investigations shall not be infringed." This language does not seem to have any particular relevance to Alaska's double jeopardy provision. Moreover, because Mitchell's contention was raised for the first time at oral argument, she has not briefed the history or meaning of the "fair and just treatment" clause. We therefore decline to reach Mitchell's argument. *Wren v. State*, 577 P.2d 235.

The judgement of the district court is AFFIRMED.