**Donald R. HOSIER, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–6893.

Court of Appeals of Alaska.

March 26, 1999.

Donald R. Hosier, Florence, Arizona, in propria persona, for Appellant.

John A. Scukanec, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*O P I N I O N*

MANNHEIMER, Judge.

Donald Hosier has been convicted of forgery and theft, and he is appealing these convictions. He asked the superior court to release him on bail pending appeal, but the superior court denied this request. Hosier now seeks review of the superior court's decision.

Hosier concedes that AS 12.30.040(b)(2) prohibits his release pending appeal (because his current convictions are class C felonies and he has a prior conviction for a class A felony).[1] However, Hosier contends that this statute is unconstitutional.

1. Under AS 12.30.040(b)(2), "[A] person may not be released on bail either before sentencing or pending appeal if the person has been convicted of ... a class B or class C felony [and] the person has been previously convicted of ... an unclassified felony [or] a class A felony".

2. 957 P.2d 1360 (Alaska App.1998).

Hosier has previously attacked the constitutionality of this bail statute. In his prior attack, Hosier argued that the statute denied him equal protection of the law. We rejected this contention and upheld the statute in *Hosier v. State*.[2]

Hosier now mounts a different constitutional challenge to the statute: he asserts that the federal and state constitutions guarantee him a right to post-conviction bail, and thus the legislature had no authority to enact the challenged statute.

Hosier bases his federal constitutional claim on the Eighth Amendment, which states that "[e]xcessive bail shall not be required". However, it is "well[-]accepted that ... post-conviction bail is not ... guaranteed" by the federal constitution; "[a] state may, if it chooses, decline to provide a system for post-conviction bail, simply because convicted persons do not have a right to bail pending appeal."[3]

The Alaska Constitution contains two provisions relating to bail: Sections 11 and 12 of Article I.

Section 11 states that "[i]n all criminal prosecutions, the accused shall have the right ... to be released on bail, except for capital offenses when the proof is evident or the presumption great". Hosier concedes that this section does not guarantee a right to post-conviction bail. Hosier's concession is well-founded; the Alaska Supreme Court has squarely held this.[4]

However, Hosier argues that Article I, Section 12 guarantees a right of post-conviction bail. Section 12 parallels the Eighth Amendment to the United States Constitution; it states that "[e]xcessive bail shall not be required". As noted above, this same language in the federal constitution has been construed not to grant a right of post-conviction bail. It therefore follows that, in

3. *Griffith v. State*, 641 P.2d 228, 231 (Alaska App.1982).

4. *See State v. Wassillie*, 606 P.2d 1279, 1281–82 (Alaska 1980); *see also Martin v. State*, 517 P.2d 1389, 1397–98 (Alaska 1974) (holding that Article I, Section 11 does not guarantee a right to bail in probation revocation proceedings).

the absence of some reason to believe that the Alaska drafters intended a different result, we should interpret the Alaska constitutional provision in conformity with the interpretation given to its federal counterpart.[5]

Moreover, in *Martin v. State*[6], the Alaska Supreme Court held that, to the extent Section 12 may grant a right to bail, it does not guarantee any greater right to bail than the pre-conviction bail guaranteed by Section 11:

> It is not necessary [for us] to determine whether or not Article I, section 12 of the Alaska Constitution guarantees a right to bail and, indeed, such an interpretation would be superfluous in view of the right to bail provision found in Article I, section 11. It is enough to say that the excessive bail provision [of Article I, section 12] insures the fixing of a reasonable bail and is to be considered in conjunction with the right to bail provision of Article I, section 11.

*Martin*, 517 P.2d at 1395.

For these reasons, we reject Hosier's contention that criminal defendants are guaranteed the right to post-conviction bail by either the Eighth Amendment to the United States Constitution or Article I, Section 12 of the Alaska Constitution. The decision of the superior court (denying Hosier's request for bail release pending appeal) is AFFIRMED.

---

5. *See State v. Zerkel*, 900 P.2d 744, 758 n. 8 (Alaska App.1995) (citing *Abood v. League of Women Voters*, 743 P.2d 333, 340–43 (Alaska 1987), *Wassillie*, 606 P.2d at 1281–82, *Annas v. State*, 726 P.2d 552, 556 n. 3 (Alaska App.1986), and *State v. Dankworth*, 672 P.2d 148, 151 (Alaska App.1983)).

6. 517 P.2d 1389 (Alaska 1974).