**Roger A. PADIE, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**No. 3402.**

Supreme Court of Alaska.

July 22, 1977.

Wendell P. Kay, Kay, Christie, Fuld and Saville, and John Anthony Smith, Anchorage, for petitioner.

Avrum M. Gross, Atty. Gen., Juneau and Joseph D. Balfe, Dist. Atty., Anchorage, for respondent.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and BURKE, JJ., and DIMOND, J. Pro Tem.

BURKE, Justice.

In this case we are called upon to decide whether the parties to a criminal action are entitled to select, as a matter of right, the particular judge before whom the defendant will enter a plea of guilty or *nolo contendere.* Believing this question to be of sufficient substance and importance to justify deviation from the normal appellate process, whereby we generally review only issues raised by way of an appeal from a final judgment, we have granted the petitioner's request for immediate review.[1] *See* Rule 23 and 24, Alaska R.App.P.

Roger A. Padie, petitioner, was indicted on May 9, 1975, for the murder of one Michael Christian. His trial ended in a mistrial. Retrial of the case was post a verdict. Retrial of the case was postponed when both the prosecution and defense petitioned this court for review of certain issues pertaining to the instructions to be given to the jury at the second trial. We rendered a decision disposing of those issues on December 30, 1976, in *Padie v. State,* 557 P.2d 1138 (Alaska 1976), clearing the way for further proceedings in the superior court.

The Honorable Ralph E. Moody, Presiding Judge of the Superior Court of the State of Alaska, Third Judicial District, at a calendar call held on January 31, 1977, set the case for trial commencing April 4, 1977, before the Honorable Seaborn J. Buckalew,

1. The State of Alaska had no opposition to our granting of review.

at Anchorage. Later, on motion by Padie's attorneys, the trial was continued to April 18, 1977 and the case re-assigned to the Honorable Victor D. Carlson. Thereafter, at the request of one or both parties, further continuances of the trial were granted, until Judge Moody entered the following order on May 2, 1977:

> IT IS HEREBY ORDERED that Wendell P. Kay, attorney for defendant Roger Padie, and W. H. Hawley, attorney for plaintiff State of Alaska, are directed to proceed to trial or disposition·in this matter on Tuesday, May 3, 1977, before the Honorable Victor D. Carlson. If they fail to do so, or unless good cause is shown for failure to do so, they will be deemed to be in contempt of court and a hearing will be held to determine the appropriate action to be taken in this matter.

The issuance of the foregoing order was prompted by efforts on the part of counsel to have the case transferred to Kodiak, Alaska, for entry of a plea of guilty or *nolo contendere.* Those efforts had culminated in the filing of the following stipulation on May 2, 1977, a few hours before Judge Moody's order was entered:

> IT IS HEREBY Stipulated and Agreed by and between the State of Alaska, by W. H. HAWLEY, Esq., Assistant District Attorney, and the Defendant, ROGER A. PADIE, by his Attorneys JOHN ANTHONY SMITH and WENDELL P. KAY, that the Change of Plea to the offense of manslaughter to guilty or nolo contendere shall be before Judge Roy Madsen of the Superior Court of Alaska, at Kodiak, Alaska.
>
> This Stipulation is entered into under the provisions of Rule 25(d)(5), and Rule 11(e), Criminal Rules.

According to the petition presently before us, the stipulation was signed because of unfavorable publicity concerning Padie in the Anchorage area. The petition states:

> It was for this reason that the parties stipulated to the plea before Judge Mad-

sen in Kodiak, believing he would not have been saturated by the bad publicity.[2]

On May 3, 1977, the parties appeared before Judge Carlson. At that time, Padie's attorneys objected to Judge Moody's refusal to honor their stipulation, contending that they were entitled as a matter of right to go before Judge Madsen at Kodiak for entry of a plea of guilty or *nolo contendere.* They further argued that Judge Moody was without authority to enter his order by virtue of the fact that before the first trial of the case he had been the subject of a peremptory disqualification. Judge Carlson "reaffirmed" Judge Moody's order but continued the trial until 10:00 a.m. on May 5, 1977, to afford Padie's attorneys an opportunity to petition this court for review of such order.

On May 5, 1977, we granted review and entered an order affirming Judge Moody's order.[3] The records of the superior court indicate that petitioner thereupon entered a plea of *nolo contendere* to the lesser included offense of manslaughter before Judge Carlson.

Petitioner's contention that he was entitled to enter his plea before Judge Madsen is based upon language found in Rule 25(d)(5), Alaska R.Crim.P. Rule 25, in its entirety, provides:

> *Judge—Disqualification or Disability.*
>
> (a) *Before Trial.* Where a judge of the superior court is disqualified or for any other reason is unable to sit in the trial or hearing of any pending matter, the presiding judge or the chief justice of the supreme court shall designate another judge of the judicial district in which the matter is pending, or a judge temporarily assigned thereto, to hear the matter.
>
> (b) *During Trial.* If a judge holding superior court be prevented during a trial from continuing to preside therein, the presiding judge or the chief justice of the supreme court shall designate another

---

2. Previous efforts on the part of the defense to secure a change of venue had been unsuccessful.

3. Our order indicated that this opinion would follow in due course.

judge of the superior court to sit in such court to complete such trial, as if such other judge had been present and presiding from the commencement of such trial, provided, however, that from the beginning of the taking of testimony at such trial a stenographic or electronic record of such trial shall have been made so that the judge so continuing may familiarize himself with the previous proceedings at such trial.

(c) *After Verdict.* If by reason of absence from the district, death, sickness or other disability, the judge before whom the action has been tried is unable to perform the duties to be performed by the court after a verdict or finding of guilt, any other judge regularly sitting in or assigned to the court may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

(d) *Change of Judge as a Matter of Right.* In all courts of the state where a master calendar system has been adopted, a judge may be peremptorily challenged as follows:

(1) *Entitlement.* In any criminal case in superior or district court, the prosecution and the defense shall each be entitled as a matter of right to one change of judge. When multiple defendants are unable to agree upon the judge to hear the case, the trial judge may, in the interest of justice, give them more than one change as a matter of right; the prosecutor shall be entitled to the same number of changes as all the defendants combined.

(2) *Procedure.* At the time required for filing the omnibus hearing form, or within 5 days after a judge is assigned the case for the first time, a party may exercise his right to change of judge by noting the request on the omnibus hearing form or by filing a 'Notice of Change of Judge' signed by counsel, if any, stat-

ing the name of the judge to be changed. A judge may honor a timely informal request for change of judge, entering upon the record the date of the request and the name of the party requesting it.

(3) *Re-Assignment.* When a request for change of judge is timely filed under this rule, the judge shall proceed no further in the action, except to make such temporary orders as may be absolutely necessary to prevent immediate and irreparable injury before the action can be transferred to another judge. However, if the named judge is the presiding judge, he shall continue to perform the functions of the presiding judge.

(4) *Timeliness.* Failure to file a timely request precludes a change of judge under this rule as a matter of right.

(5) *Waiver.* A party loses his rights under this rule to change a judge when he agrees to the assignment of the case to a particular judge or participates before him in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 11, or the commencement of trial. *No provision of this rule shall bar a stipulation as to the judge before whom a plea of guilty or of nolo contendere shall be taken under Rule 11.* (emphasis added)

Petitioner argues that the italicized language of subsection (d)(5) entitles the parties, as a matter of right, to select the judge before whom an accused will enter a plea of guilty or *nolo contendere.* In his supplemental brief in support of such contention, petitioner states:

It should be noted that Rule 25 permits the parties to disqualify judges as a matter of right under certain limitations. Rule 25(d)(5) permits the parties by stipulation to in effect pre-empt all the Judges within the Judicial District except the Judge before whom the plea shall be taken under Rule 11.[4]

■ We refuse to adopt petitioner's reading of the rule. A litigant has no right to

---

4. Rule 11, Alaska R.Crim.P., establishes basic procedures for the entry or rejection of pleas of guilty, not guilty or *nolo contendere.*

insist that a matter be heard by any particular judge. *Badertscher v. Badertscher,* 10 Ariz.App. 501, 460 P.2d 37, 40 (1969). As stated in *Hartford Accident and Indemnity Company v. State,* 498 P.2d 274, 276 (Alaska 1972):

> The assignment of cases in a multi-judge court is an administrative matter committed to the discretion of the presiding judge.

*See also* AS 22.10.130.[5]

 As we construe Rule 25(d)(5), it simply means that when a judge has been disqualified by the timely filing of a notice of change of judge, as required elsewhere in Rule 25, such action shall not prevent the parties from thereafter going before that same judge for the limited purpose of entering a plea of guilty or *nolo contendere,* upon stipulation that he may accept such a plea from the defendant.[6]

We believe that there is good reason to construe our rule in this manner. In certain areas of Alaska, such as Bethel, Kodiak, and Sitka, there is only one resident judge. In those communities, it is not unusual to have one or both parties to a criminal action exercise their right to peremptorily challenge that judge. In order to exercise that right, a party must file the required notice of change of judge "[a]t the time required for filing the omnibus hearing form, or within 5 days after a judge is assigned the case." Rule 25(d)(2). Thus, such disqualification generally occurs early in the case. It is also quite common, thereafter, for cases to be disposed of by a change of plea to guilty or *nolo contendere.*

We can conceive of many instances in which both parties might be willing to have a particular judge take such a plea, while one or both would remain unwilling to have that same judge preside over a trial of the case, impose sentence, or rule on other matters of substance, such as a motion to suppress. Under these circumstances, we think there must be a means whereby the parties can go before that judge for the limited purpose of allowing the defendant to change his plea, in order to avoid the delay and expense of going to another city or bringing another judge to the city wherein the defendant is located for entry of the plea.

Even in communities having several judges, such as Anchorage and Fairbanks, there is need for such opportunity. The ability to go promptly before a judge for a change of plea, even though that judge may be otherwise disqualified, contributes to the efficient use of judicial manpower and the orderly disposition of matters that might otherwise require further hearing, at a later time, if another judge is not immediately available to accept the plea.

 Thus, we conclude that Rule 25(d)(5) does not give the parties the power to determine that a particular judge, and only that judge, will hear a defendant's plea. The assignment of cases is, and continues to be, the prerogative of the presiding judge. The right to disqualify a judge, and the right to thereafter partially waive such disqualification to allow him to accept a plea of guilty or *nolo contendere,* does not add up to a right to dictate where and before whom a defendant's plea will be entered. The presiding judge, although he *may* do so,

---

**5.** AS 22.10.130 provides:
> *Appointment and duties of presiding judges.* The chief justice of the supreme court shall designate a presiding judge for each district. The presiding judge shall in addition to his regular judicial duties (1) assign the cases pending to the judges made available within the district, (2) supervise the judges and their court personnel in the carrying out of their official duties within the district, and (3) expedite and keep current the business of the court within the district.

**6.** Despite the absence of a specific rule on the subject, we likewise can perceive of no reason

why, after a particular judge has been peremptorily disqualified, the parties cannot thereafter effectively stipulate to allow that judge to handle other matters in the case that may be assigned to him, such as the sentencing of the defendant. In other words, a peremptory challenge, once exercised, is not irrevocable, if the parties are in agreement that it should be set aside. However, such a stipulation, like one filed under Rule 25(d)(5), does not require the court to assign those matters to the particular judge named in the stipulation.

is therefore *not required* to honor a stipulation filed under Criminal Rule 25(d)(5). Petitioner's arguments to the contrary are not persuasive.[7]

We note also that Rule 50(b), Alaska R.Crim.P. provides:

*Civil Rules to Apply.* All other provisions of the Rules of Civil Procedure relating to attorneys, regarding applications to the court, *stipulations,* examining witnesses, counsel as a witness, arguments on motions or hearings, non-resident attorneys, and disbarment and discipline, shall apply to practice in criminal actions in the courts of the state. (emphasis added)

Thus, Criminal Rule 25(d)(5), concerning stipulations as to the judge who may hear a plea, is subject to the application of Rule 77(k), Alaska R.Civ.P. The latter provides:

Stipulations between counsel may be submitted in support of motions, *but are not binding on the court unless otherwise specifically provided by rule.* (emphasis added)

Rule 25(d)(5) says nothing about stipulations filed thereunder being binding on the court. *See also Jerrel v. Kenai Peninsula*

*Borough School District,* 567 P.2d 760 (Alaska 1977) (Opinion No. 1458).

Petitioner's second contention, that Judge Moody lacked authority to enter his order of May 2, 1977 by virtue of his earlier disqualification, is likewise without merit. Our holding in *Gieffels v. State,* 552 P.2d 661 (Alaska 1976), is dispositive of this issue.

In *Gieffels* we compared the provisions of Criminal Rule 25 with those of AS 22.20.-022.[8] The latter, upon enactment by the legislature, created a substantive right to disqualify a judge by the exercise of a peremptory challenge. While recognizing the legislature's authority to create such a right, we held that the procedure to be followed in implementing that right is subject to the rule making power vested in this court by Art. IV, sec. 15 of the Constitution of the State of Alaska.[9] In footnote 5 of our opinion we said:

Under Alaska's tripartite form of government, the legislature may not impose a rule which would interfere with the proper functioning of the judicial system. Under the inherent power of the

---

7. The only material cited by petitioner as direct authority for his position is a comment accompanying a tentative draft of proposed rules of procedure, proposed July 15, 1972, by a criminal law committee of the State Bar of Arizona. Section 10.6 of those proposed rules is almost identical to our own Criminal Rule 25(d)(5). The comment states:

The rule specifically preserves the parties' right to stipulate to the judge before whom a plea will be taken, even though they have exhausted their peremptory challenges . . . or proceedings have already been held before another judge.

We find no inconsistency between such language and our own interpretation of Rule 25(d)(5).

8. AS 22.20.022 provides:

*Peremptory disqualification of a superior court judge.* (a) If a party or his attorney in a district court action or a superior court action, civil or criminal, files an affidavit alleging under oath that he believes that he cannot obtain a fair and impartial trial, the presiding district court or superior court judge, respectively, shall at once, and without requiring proof, assign the action to another judge of the appropriate court in that district, or if there is none, the chief justice of

the supreme court shall assign a judge for the hearing or trial of the action. The affidavit shall contain a statement that it is made in good faith and not for the purpose of delay.

(b) No judge or court may punish a person for contempt for making, filing or presenting the affidavit provided for in this section, or a motion founded on the affidavit.

(c) The affidavit shall be filed within five days after the case is at issue upon a question of fact, or within five days after the issue is assigned to a judge, whichever events occurs later, unless good cause is shown for the failure to file it within that time.

(d) No party or his attorney may file more than one affidavit under this section in an action and no more than two affidavits in an action.

9. Art. IV, sec. 15 provides:

The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. These rules may be changed by the legislature by two-thirds vote of the members elected to each house.

judicial branch of government, a presiding judge must be given minimal authority to accomplish the work of the court by conducting the preliminary steps for arraignment; calendaring, including assigning of cases to particular judges; and other acts necessary to the proper funcioning of the courts. *See Continental Ins. Cos. v. Bayless & Roberts, Inc.,* 548 P.2d 398, 408–11 (Alaska 1976).[10]

Thus, we held:

> Until the legislature validly changes Criminal Rule 25(d), that rule is the sole provision which may be consulted in determining whether the pre-emptive right was properly exercised and the effect of the pre-emption on the procedural and administrative functions of the court system. (footnote omitted)[11]

Rule 25(d)(3) provides in part that if the presiding judge is the subject of a peremptory challenge, "he shall [nevertheless] continue to perform the functions of the presiding judge." In *Gieffels,* concerning that provision, we said:

> If a procedural or administrative action taken by a disqualified judge under the provisions of Criminal Rule 25(d)(3) could not possibly interfere with a defendant's right to a fair disposition of his case because of bias or interest on the part of the disqualified judge, then the substantive right created by AS 22.20.022 would not be affected. Only if the administrative or procedural action interferes with the substantive part of AS 22.20.022 would an action by a disqualified judge be impermissible. . . .[12]

This language, we believe, is quite applicable to the instant case. While we recognize, as we did in *Gieffels,* that under some circumstances, calendaring may affect substantial rights, in which case the matter should be immediately assigned to another judge, we see no possibility that any such rights were affected here.

 It is apparent that the only issue in dispute was whether the defendant would enter his plea before Judge Carlson or Judge Madsen. There is no contention that Padie was unprepared to proceed to trial or other disposition. It is clear that he was anxious to plead guilty to a lesser included offense and objected only to the requirement that he do so before the judge assigned to the case, rather than before another judge of his own choice. Under these circumstances, we fail to see how the action taken by Judge Moody could interfere with Padie's right to a fair disposition of his case *because of bias or interest on the part of Judge Moody.* Such being the case, his "substantive right created by AS 22.20.022 would not be affected." *Gieffels v. State, supra* at 668. Judge Moody, therefore, acted within the scope of the authority reserved to him as presiding judge by Criminal Rule 25(d)(3), despite his earlier disqualification.

AFFIRMED.

---

10. 522 P.2d at 667.

11. *Id.*

12. *Id.* at 668–69.