William R. MOORE, Phillip C. Wilson, and Alexander G. Pappas, Appellants,

v.

**STATE of Alaska, Appellee.**

Nos. A–5557, A–5558.

Court of Appeals of Alaska.

May 12, 1995.

William P. Bryson, Law Offices of William P. Bryson, Anchorage, for appellant Moore.

Cynthia C. Drinkwater, Asst. Public Advocate, and Brant McGee, Public Advocate, Anchorage, for appellant Wilson.

Sidney K. Billingslea, Law Office of Sidney K. Billingslea, Anchorage, for appellant Pappas.

Kevin T. Fitzgerald, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Bruce M. Botelho, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

COATS, Judge.

This is a peremptory challenge appeal brought pursuant to Alaska Appellate Rule 216(a)(2). A peremptory challenge appeal is "an appeal by a criminal defendant from an order denying the defendant's motion for change of judge under Criminal Rule 25(d)." Alaska R.App.P. 216(b)(2).

The body of Allen C. Boulch was found in Kincaid Park in Anchorage on September 24, 1994. As a result of an investigation into Boulch's death, the state brought criminal charges against William R. Moore, Phillip C. Wilson, Alexander G. Pappas, and Ryan G. Chernikoff. On October 14, 1994, the grand jury indicted all four defendants for conspiracy to commit murder in the first degree, murder in the second degree, conspiracy to commit robbery in the first degree, and robbery in the first degree. AS 11.31.120; AS 11.41.100(a)(1)(A); AS 11.16.110(2)(B); AS 11.41.110(a)(3); AS 11.41.500(a)(1) & (2).[1]

On October 17, 1994, Superior Court Judge Karl S. Johnstone arraigned Chernikoff, Wilson, and Pappas. Judge Johnstone arraigned Moore on October 19 because his attorney was out of the state when he arraigned the other defendants. At the arraignments, Judge Johnstone advised the defendants to confer regarding the exercise of their right

---

1. The grand jury also charged Wilson and Pappas with various counts of tampering with physical evidence in the first degree, AS 11.56.610(a)(1); AS 11.16.110(2)(B), and charged Moore and Pappas with misconduct involving weapons in the third degree, AS 11.61.200(a)(3).

to peremptorily challenge a judge pursuant to Alaska Criminal Rule 25(d). Judge Johnstone gave the parties until October 24 to exercise a joint peremptory challenge. He assigned all four defendants' cases to Superior Court Judge Peter A. Michalski, with trial set for January 3, 1995.

On October 24, 1994, the state and defendants stipulated to extend the period for filing the peremptory challenge until October 28. At about the same time, the defendants all filed motions requesting additional peremptory challenges and seeking an extension of time in which to file their peremptory challenge. Judge Michalski denied these motions on October 27, 1994.

On October 28, 1994, Chernikoff filed a peremptory challenge of Judge Michalski pursuant to Rule 25(d). Judge Johnstone assigned himself to the case.

Shortly afterwards, the other three defendants filed objections to Chernikoff's exercise of the peremptory challenge; they also asked Judge Johnstone to grant them additional peremptory challenges. On November 25, 1994, Judge Johnstone denied the motions requesting additional peremptory challenges. This appeal followed.[2]

A party's right to peremptorily challenge a judge in a criminal case is governed by Alaska Criminal Rule 25(d):

(d) **Change of Judge as a Matter of Right.** In all courts of the state, a judge may be peremptorily challenged as follows:

(1) *Entitlement.* In any criminal case in superior or district court, the prosecution and the defense shall each be entitled as matter of right to one change of judge. When multiple defendants are unable to agree upon the judge to hear the case, the trial judge may, in the interest of justice, give them more than one change as a matter of right; the prosecutor shall be entitled to the same number of changes as all the defendants combined.

In *Hawley v. State,* 614 P.2d 1349, 1360–61 (Alaska 1980), the supreme court discussed the application of Criminal Rule 25(d) in a case with multiple defendants:

[W]here there are several defendants in a criminal trial, each individual defendant is not entitled to one peremptory challenge, but rather the defense as a whole is entitled, as a matter of right, to but one peremptory challenge. Our rule does provide that where the defendants cannot agree on the judge to hear the case the trial court, in the interest of justice, can give more than one change. Here no showing of divergent interest or other cause was made requiring the judge, in the interests of justice, to grant additional challenges. There is no constitutional right to a peremptory challenge. To allow each defendant a peremptory challenge would cause great delays and trial scheduling problems. We conclude that when, as here, the defendants have substantially similar interests, it is not an abuse of discretion to limit the defense to one peremptory challenge.

(Footnotes omitted.) The court also advised:

We believe that the following procedures should be observed in multiple defendant cases. The trial court should inquire if this is a joint decision or, at least, require that the defendants confer before rendering its decision. It is not necessary, however, for all defendants to agree to the peremptory challenge.

*Id.* at 1361 n. 34.

In the instant case, the parties conferred extensively but were unable to agree on the

---

**2.** As noted above, Alaska Appellate Rule 216(a)(2) and 216(b)(2) authorize a criminal defendant to pursue a pretrial appeal of "an order denying the defendant's motion for change of judge under Criminal Rule 25(d)." The three defendants in this case are not, strictly speaking, appealing the denial of their peremptory challenge of a judge. Rather, they are appealing the superior court's refusal to grant them additional peremptory challenges, as well as the superior court's refusal to allow them to object to Chernikoff's peremptory challenge of Judge Michalski.

These issues may not fall within the letter of Appellate Rule 216, but the reasons for allowing pretrial appeals of peremptory challenges appear to apply with equal force to the issues raised in this appeal. To the extent that there is any doubt concerning whether the defendants' appeal is a "peremptory challenge appeal" as defined in Appellate Rule 216(b)(2), we treat the defendants' appeal as a petition for review, and we grant it.

We commend this issue to the Alaska Supreme Court's Appellate Rules Committee.

use of the peremptory challenge. Some of the defendants did not want to exercise a peremptory challenge; they preferred Judge Michalski to remain as the trial judge. Other defendants wished to challenge Judge Michalski. When the defendants were unable to reach a consensus, one of the defendants (Chernikoff), apparently acting unilaterally, challenged Judge Michalski.

The three defendants who filed appeals in this case assert that the superior court should have allowed them to veto Chernikoff's unilateral exercise of the peremptory challenge. However, we affirm the superior court's decision.

In *Murdock v. State*, 664 P.2d 589, 594–95 (Alaska App.1983), this court stated:

[A]lthough the preferable procedure is to have multiple defendants confer in reaching a decision to exercise a peremptory challenge, neither the peremptory challenge rule, the statute, nor the *Hawley* decision require the decision to exercise a peremptory challenge to be a joint decision.

This result derives from the rationale of the peremptory challenge rule.

Alaska's peremptory challenge rule, Criminal Rule 25(d), is the outgrowth of legislation that was designed to allow a party to challenge a judge without filing and litigating a formal challenge for cause. As early as 1940, Alaska law gave litigants the right to disqualify the judge assigned to their case by filing an affidavit that detailed the reasons for believing that the judge could not be fair. Because the allegations in this affidavit could not be controverted, the attorney filing the affidavit had to swear that the affidavit was filed in good faith and not for purposes of delay. *See* Robert A. Levinson, *Peremptory Challenges of Judges in the Alaska Courts*, 6 Alaska L.Rev. 269, 272–73 (1977).

In 1967, this procedure was liberalized by the Alaska legislature when it enacted AS 22.20.022:

**Peremptory disqualification of a judge.**

(a) If a party or a party's attorney in a district court action or a superior court action, civil or criminal, files an affidavit alleging under oath the belief that a fair and impartial trial cannot be obtained, the presiding district court or superior court judge, respectively, shall at once, and without requiring proof, assign the action to another judge of the appropriate court in that district, or if there is none, the chief justice of the supreme court shall assign a judge for the hearing or trial of the action. The affidavit shall contain a statement that it is made in good faith and not for the purpose of delay.

Under this statute, a party was still required to file an affidavit "alleging ... the belief that a fair and impartial trial [could not] be obtained" from the judge assigned to the case. However, the party was not required to state the specific reasons underlying this belief, and the case was to be immediately reassigned to another judge "without requiring proof" of the first judge's bias or partiality.

The final stage in the evolution of the peremptory challenge came in 1974, when the Alaska Supreme Court promulgated Criminal Rule 25(d). Under Criminal Rule 25(d)(2), a party challenging a judge no longer has to file an affidavit of any kind:

A party may exercise the party's right to a change of judge by filing a "Notice of Change of Judge" ... stating the name of the judge to be changed. The notice shall neither specify grounds nor be accompanied by an affidavit.

In fact, with the exception of its introductory language ("In all courts of the state, a judge may be peremptorily challenged as follows:"), Criminal Rule 25(d) studiously avoids using the word "challenge." Instead, the rule repeatedly uses the phrase "change of judge."

The philosophy behind the evolving procedure under the statute and rule was explored in the Alaska Law Review article referred to above:

Since [Criminal Rule 25(d) ] drop[s] any requirement that charges of unfairness be made against a judge, [it] may serve to alleviate some of the onus previously associated with having to contend that a judge is unable to provide a fair trial. Under AS 22.20.022, if a party submitted a proper, timely affidavit, disqualification was auto-

matic. However, ... [w]hile an attorney could easily obtain a different judge so long as the proper steps were followed, [the attorney] still had to assert [under oath] that he could not obtain "a fair and impartial trial" from the judge he sought to recuse. Such an assertion, while rather subdued in nature, still was likely to upset judges.

*Levinson, supra,* at 282 (footnotes omitted). Thus, Criminal Rule 25(d) was designed "[to] do away with the need for filing of an affidavit alleging the inability to obtain a fair and impartial trial." *Gieffels v. State,* 552 P.2d 661, 668 (Alaska 1976).

In *Gieffels,* the supreme court held that the procedures specified in Criminal Rule 25(d) took precedence over any inconsistent requirements contained in AS 22.20.022. While the legislature has created the "right to pre-empt a judge without requiring actual proof of bias or interest," the legislature

has very limited power to provide for the means by which that pre-emption right may be exercised. Until the legislature validly changes Criminal Rule 25(d), that rule is the sole provision which may be consulted in determining whether the pre-emptive right was properly exercised[.]

*Gieffels,* 552 P.2d at 667 (footnote omitted).

■ Thus, the right to challenge a judge for bias has evolved from a party's right to litigate a challenge for cause, to a party's right to file an affidavit asserting the judge's inability to be fair, to a party's right simply to file a notice of change of judge. But while the rules have changed to minimize the confrontation between judges and the litigants who challenge them, the underlying purpose of the peremptory challenge remains the same: to allow a party who believes that he or she cannot obtain a fair and impartial trial in front of a particular judge to disqualify that judge.

The right of peremptory challenge granted by AS 22.20.022 is a valuable tool for a party to use when the party believes, or even suspects, that he or she cannot get a fair trial in front of a particular judge. Moreover, the procedures established in Criminal Rule 25(d) allow parties to readily exercise this right without a showing or even an allegation

of bias. However, because parties may so readily exercise the right of peremptory challenge, it is foreseeable that at least occasionally a party will disqualify a judge based upon strategic considerations rather than based upon the party's belief that he or she cannot obtain a fair trial before that challenged judge. When we interpret Criminal Rule 25(d), we must keep in mind that the primary reason for the rule is to allow a party to disqualify a biased judge. The rule was not designed to allow a party to obtain strategic advantage by forum shopping for an ideal judge.

■ Keeping this rationale in mind, it is not unfair to allow a single defendant in a multiple-party case to unilaterally exercise a peremptory challenge. The remaining defendants may complain that they would have preferred to remain in front of the originally assigned judge, but Criminal Rule 25(d) does not give them veto power over another party's peremptory challenge. Litigants are entitled to have their case heard by a fair judge, but "[a] litigant has no right to insist that a matter be heard by any particular judge." *Padie v. State,* 566 P.2d 1024, 1027–28 (Alaska 1977).

An analogous issue arose in *Roberts v. State,* 458 P.2d 340 (Alaska 1969), a case decided under AS 22.20.022 before the supreme court had promulgated Criminal Rule 25(d).

The essence of appellant's argument is that when a party files a disqualification affidavit under AS 22.20.022, the opposite party has the right to challenge the effectiveness of the disqualification. The statute affords the latter party no such right. The only right created and defined by the statute is to have a fair trial before an unbiased and impartial judge.... The statute does not in any manner purport to give the right to the other party, who does not claim that the assigned judge is biased or prejudiced, to have the case tried by that judge.

*Roberts,* 458 P.2d at 345–46 (footnote omitted).

Similarly, even though two of the defendants in this appeal apparently wished to

have their case remain in front of Judge Michalski, they have no right to insist on a particular judge. When defendants are tried together, each has an interest in having a fair judge preside over the litigation. If the judge cannot be fair to one of the defendants, it makes no difference that the judge might be fair to the others.

For these reasons, we uphold the superior court's refusal to set aside Chernikoff's peremptory challenge of Judge Michalski. We next turn to the superior court's refusal to give the other three defendants one or more additional challenges.

■ Obviously, whenever a party asks for a change of judge under Criminal Rule 25(d), there is the possibility that the second judge assigned to the case may be less favorable than the original judge who was peremptorily challenged. In a single-defendant case, this possibility is simply one of the factors that a defendant must weigh when choosing whether to exercise the right of peremptory challenge.

In a multiple-defendant case, there will be times when all the defendants concur in the decision to challenge the originally assigned judge. On the other hand, there will be times when one or more of the co-defendants are unwilling participants in the quest for a new judge. In such circumstances, a defendant may find that the original judge (whom the defendant viewed as perfectly acceptable) has been replaced by a judge who the defendant believes may be biased, but the defendants' sole peremptory challenge has already been exercised.

Criminal Rule 25(d) provides that "the trial judge may, in the interest of justice, give [defendants who are unable to reach consensus] more than one change as a matter of right." There remains the question of how a trial judge should decide a motion for additional peremptory challenges.

A trial court has considerable discretion in this matter because competing interests must be weighed. A defendant may have articulable reasons to distrust the impartiality of the second assigned judge, even though these reasons may not be sufficient to support a challenge for cause. On the other hand, Criminal Rule 25(d), by restricting each side to one peremptory challenge in normal circumstances, implicitly recognizes that the number of peremptory challenges must be limited if the court system is to function effectively.

■ The trial court must also keep in mind that the rationale behind peremptory challenges is to allow a party to disqualify a judge when the party believes that the judge might be unable to be fair and impartial. The legislature did not create the right of peremptory challenge so that a party could obtain a strategic advantage by "shopping" for a judge who might be more willing to indulge the party's trial tactics or might be uncommonly sympathetic to the party's sentencing arguments. The trial court can reject a request for additional peremptory challenges when it appears that a party's request is based on considerations of prospective strategic advantage rather than the party's fear of the second judge's potential bias or partiality.

■ Returning to the present case, the defendants have stated that they have divergent interests and that they have strong reasons for preferring one trial judge over another. However, as we have just explained, parties are not entitled to pick and choose among the available impartial judges based on strategic considerations. The right of peremptory challenge is designed only to disqualify potentially biased judges. None of the defendants has suggested that he believes Judge Johnstone could not be a fair and impartial judge in this case.[3] We con-

---

3. As we have explained, Criminal Rule 25(d) is designed to allow parties to challenge a judge without openly confronting that judge with allegations of bias or partiality. Thus, a request for additional peremptory challenges will normally be based on assertions of the second judge's possible bias or partiality (although, we note again, the party's reasons for fearing a judge's bias or partiality need not constitute grounds to challenge that judge for cause). Because a motion for additional peremptory challenges will implicitly declare that the moving defendants wish to challenge the currently assigned judge, it seems the better practice to have such motions heard by a judge other than the currently assigned judge.

clude that the defendants have not shown compelling reasons for awarding additional peremptory challenges. We accordingly find that Judge Johnstone did not abuse his discretion when he denied the defendants' motions for additional peremptory challenges.

The decision of the superior court is AFFIRMED.

In the present case, even though Judge Johnstone was the assigned trial judge, the defendants did not request an opportunity to present their motions for additional peremptory challenges to a different judge, and the defendants have not argued on appeal that they should have been allowed to present their motions to another judge. Moreover, we have concluded that the defendants' motions were properly denied precisely because the defendants did *not* assert that Judge Johnstone might not be a fair judge. Thus, the fact that Judge Johnstone decided the defendants' motions was not error under the circumstances of this case.