**Jay DOMINGUEZ, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**No.  A–10095.**

Court of Appeals of Alaska.

April 18, 2008.

ords to show the precise number of hours Thygeson worked.

16. *Barios*, 26 P.3d at 1086.

Hatton Greer and Douglas O. Moody, Assistant Public Defenders, and Quinlan Steiner, Public Defender, Anchorage, for the Petitioner.

June Stein, District Attorney, Kenai, and Talis J. Colberg, Attorney General, Juneau, for the Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

This case presents a controversy concerning the authority of a judge to play a further role in litigation after the judge has been peremptorily challenged.

At common law, a disqualified judge was not wholly barred from further participation in the case. Rather, the judge was permitted to take purely administrative or "ministerial" actions in the case—*i.e.*, actions that do not involve a resolution of any of the issues raised in the litigation and that do not otherwise affect the litigation rights of the parties.[1]

However, Alaska Criminal Rule 25(d)(3) codifies a stricter rule. The first sentence of Rule 25(d)(3) declares that, if a party peremptorily challenges a judge in a timely manner, "[that] judge shall proceed no further in the action, except to make such temporary orders as may be absolutely necessary to prevent immediate and irreparable

injury before the action can be transferred to another judge."

The next sentence of Rule 25(d)(3) codifies a limited exception to this fairly strict rule of disqualification, but the exception applies only to presiding judges: "[I]f the [challenged] judge is the presiding judge, the judge shall continue to perform the functions of the presiding judge."

For the reasons explained here, we conclude that the stricter disqualification provisions of Criminal Rule 25(d)(3) take precedence over the broader authority that disqualified judges would have under the common law. Thus, unless the challenged judge is a presiding judge, the challenged judge is disqualified from any further participation in the case, except to make any temporary orders that are "absolutely necessary to prevent immediate and irreparable injury before the action can be transferred to another judge."

*Underlying facts, and the procedural posture of this case*

The petitioner, Jay Domínguez, is being prosecuted in the Kenai superior court. Under Criminal Rule 25(d), Domínguez peremptorily challenged Superior Court Judge Anna M. Moran. This peremptory challenge was filed on October 16, 2007. Because of the peremptory challenge, Domínguez's case was re-assigned to Superior Court Judge Larry D. Card on October 24th.

One month later, on November 28th, the superior court issued an order re-assigning Domínguez's case to Superior Court Judge Carl Bauman for purposes of trial. However, this same order declared that "[Domínguez's] [o]mnibus hearing remains set for November 30, 2007, ... before Judge Moran"—*i.e.*, set before the judge whom Domínguez challenged on October 16th.

(We note, in passing, a question regarding the underlying lawfulness of this November 28th order. The order—which contains two judicial assignments, as well as a rescheduling of Domínguez's trial—was not signed by

---

1. *See Gieffels v. State*, 552 P.2d 661, 666 & n. 3 (Alaska 1976); *see also Tunley v. Anchorage* *School District*, 631 P.2d 67, 73 n. 12 (Alaska 1980).

a judge, but rather by a judicial administrative assistant. The order does not even recite that it was entered at the direction of a judge. Rather, from the text of the order, it appears that these decisions were made by the judicial assistant. However, neither party raises any objection on this point, so we will proceed under the assumption that, despite its wording, the order was in fact issued at the direction of a judicial officer.)

When the parties appeared in court on November 30th, Domínguez's attorney questioned Judge Moran's authority to preside over the omnibus hearing. Judge Moran took the position that she could preside over the omnibus hearing unless there were substantive decisions to be made. Domínguez's attorney conceded that there were no substantive issues to be decided at the omnibus hearing. Nevertheless, the defense attorney insisted that Rule 25(d)'s exception for administrative and ministerial actions applied only to presiding judges—and that, because Judge Moran was not a presiding judge, Rule 25(d) prohibited Judge Moran from presiding over the omnibus hearing.

Judge Moran was not persuaded by this argument, and she proceeded with the omnibus hearing.

Thereafter, Domínguez filed appellate pleadings asking this Court to review the lawfulness of Judge Moran's action.

Domínguez labeled his pleadings as an appeal under Alaska Appellate Rule 216. This rule authorizes expedited, pre-judgement appeals of "order[s] denying [a criminal] defendant's motion for change of judge under Criminal Rule 25(d)."

The Appellate Court Clerk's Office accepted Domínguez's appeal under Appellate Rule 216, but this appears to have been wrong. As explained here, Domínguez is not seeking review of an order denying his attempt to peremptorily challenge a judge. To the contrary: Domínguez's peremptory challenge of Judge Moran was granted, and the case was re-assigned to another judge. Rather, the issue here is whether the Kenai superior court (in its order of November 28th) and Judge Moran (at the omnibus hearing on November 30th) took actions that were unauthorized, given the fact that the superior court had already granted Domínguez's peremptory challenge.

Even though this litigation does not qualify as an appeal under Appellate Rule 216, we exercise our authority to treat the litigation as a petition for review. This case presents an important issue concerning the meaning of Criminal Rule 25(d)(3)—specifically, the scope of a judge's authority to participate in litigation after the judge has been peremptorily challenged.

We addressed this same question of appellate procedure in *Moore v. State*, 895 P.2d 507 (Alaska App.1995). Like Domínguez's case, *Moore* did not involve the *denial* of peremptory challenge; rather, it involved other important issues surrounding the application of Criminal Rule 25(d) in the context of co-defendants exercising their right of peremptory challenge. We recognized that the trial court's decision in *Moore* was not strictly appealable under the terms of Appellate Rule 216, but we concluded that the case presented an instance where it was appropriate for this Court to exercise its authority to treat the case as a petition for review (and to grant review):

> Alaska Appellate Rule 216(a)(2) and 216(b)(2) authorize a criminal defendant to pursue a pretrial appeal of "an order denying the defendant's motion for change of judge under Criminal Rule 25(d)." The three defendants in this case are not, strictly speaking, appealing the denial of their peremptory challenge of a judge. Rather, they are appealing the superior court's refusal to grant them additional peremptory challenges, as well as the superior court's refusal to allow them to object to [one co-defendant's] peremptory challenge of Judge Michalski. These issues may not fall within the letter of Appellate Rule 216, but the reasons for allowing pretrial appeals of peremptory challenges appear to apply with equal force to the issues raised in this appeal. To the extent that there is any doubt concerning whether [this] appeal is a "peremptory challenge appeal" as defined in Appellate Rule 216(b)(2), we treat [the]

appeal as a petition for review, and we grant it.

*Moore,* 895 P.2d at 509 n. 2.[2]

*Why we conclude that Judge Moran should not have presided over the omnibus hearing in this case*

█ As the Alaska Supreme Court acknowledged in *Gieffels v. State,* 552 P.2d 661, 666 & n. 3 (Alaska 1976), the common-law rule of judicial disqualification did not totally bar a disqualified judge from further participation in the case. The judge was permitted to take purely administrative or ministerial actions in the case. Judge Moran relied on this doctrine when she ruled that she could preside over Domínguez's omnibus hearing as long as there were no substantive issues to be decided.

█ But as this Court explained in *Dayton v. State,* 120 P.3d 1073, 1080 (Alaska App.2005), the courts can not rely on their common-law authority in disregard of existing constitutional and statutory provisions. "[When] the legislature enacts a statute to govern the same matter, the statute controls." *Id. Accord, Dandova v. State,* 72 P.3d 325, 333 (Alaska App.2003); *see also Roberts v. Alaska Dept. of Revenue,* 162 P.3d 1214, 1220–21 (Alaska 2007) (applying this same rule).

█ Here, the pertinent "statute" is a court rule enacted by the Alaska Supreme Court under the authority conferred by Article IV, Section 15 of our state constitution. But the principle remains the same: when a statute or court rule has been enacted for the purpose of governing a matter that was once governed by a common-law rule, the statute or court rule supersedes the common-law rule.

Alaska Criminal Rule 25(d) is such a rule: it governs the authority of a disqualified judge to participate further in the litigation from which the judge is disqualified.

Subsection (3) of Criminal Rule 25(d) carries forward the common-law rule that a disqualified judge has the authority to conduct purely administrative or ministerial actions in the case—but, under the terms of subsection (3), this authority is now limited to presiding judges. For all other judges, the disqualification imposed by Criminal Rule 25(d) is nearly absolute: the judge "shall proceed no further in the action, except to make such temporary orders as may be absolutely necessary to prevent immediate and irreparable injury before the action can be transferred to another judge."

We note, as a word of caution to the bench and bar, that the headnote in the Alaska Reporter that describes the pertinent holding of *Gieffels*—Headnote 11—is worded in a misleading manner. This headnote reads:

If [a] procedural or administrative action taken by [a] preempted judge under [the] provisions of [C]riminal [R]ule [25(d) ] . . . could not possibly interfere with [a] defendant's right to [a] fair disposition of his case because of bias or interest on [the] part of [the] preempted judge, then [the] substantive right created by [AS 22.20.022] to [a] fair trial before [an] impartial judge would not be affected; only if [the] preempted judge's] administrative or procedural action interferes with [the] substantive parts of [the] statute would action by [the] disqualified judge be impermissible.

*Gieffels,* 552 P.2d at 662.

This headnote has apparently led some judges and lawyers to interpret *Gieffels* as holding that, even when a judge is preempted under Criminal Rule 25(d), the disqualified judge is nevertheless authorized to attend to ministerial tasks and to decide administrative matters. This is not so. As we have explained here, the exception codified in Rule 25(d)(3) for ministerial and administrative matters applies only to presiding judges.

Reasonable people might argue that there is no harm in allowing all disqualified judges to perform these administrative or ministerial tasks. But after the supreme court's en-

---

**2.** For other cases discussing the power of an appellate court to treat a misfiled "appeal" as a petition for review, see *Thoeni v. Consumer Electronic Services,* 151 P.3d 1249, 1253–54 (Alaska 2007), *Tlingit–Haida Regional Electric Authority v. State,* 15 P.3d 754, 761 (Alaska 2001), and *State v. Prince,* 53 P.3d 157, 161–62 (Alaska App. 2002).

actment of Criminal Rule 25(d), the courts are no longer the proper forum to air that argument. Rather, that argument must be presented to the supreme court (in its legislative capacity) or to the Alaska Legislature (which also has the power to amend the court rules). This Court's duty is to enforce Criminal Rule 25(d) as it is written.

We therefore conclude that it was error for Judge Moran to preside over the omnibus hearing in this case. The error may well have been harmless, for Domínguez concedes that no substantive issues were presented at that omnibus hearing. But it is important for the trial courts to follow the dictates of Criminal Rule 25(d)(3) in the future. Accordingly, the decision of the superior court is DISAPPROVED.

According to the superior court clerk's office, Domínguez's criminal case is still pending. If Domínguez believes that he has been prejudiced in any way by Judge Moran's decision to preside over the omnibus hearing, he may now raise that claim of prejudice in the superior court.