NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

# IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| STEPHANIE HAMBURG,<br><br>     Appellant,<br><br>    v.<br><br>STATE OF ALASKA,<br><br>     Appellee. | Court of Appeals No. A-13165<br>Trial Court No. 3AN-17-8564 CR<br><br>O P I N I O N<br><br>No. 2618 — October 5, 2018 |

Appeal from the Superior Court, Third Judicial District, Anchorage, Kevin M. Saxby, Judge.

Appearances: Kevin W. Coe, Assistant Public Advocate, Anchorage Criminal Defense Section, and Chad Holt, Public Advocate, Anchorage, for the Appellant. A. James Klugman, Assistant District Attorney, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard and Wollenberg, Judges.

Judge MANNHEIMER.

Stephanie Hamburg stands charged with manslaughter and criminally negligent homicide stemming from the death of her two-year-old daughter, who died of severe iron deficiency anemia and congestive heart failure. Hamburg's eligibility for bail release is governed by the pre-2018 version of Alaska's bail statute, former AS 12.30.-

011, and Hamburg currently remains in custody pursuant to a "no-bail" order that the superior court issued under that statute.

Because Hamburg is charged with manslaughter (a class A felony), her bail release is governed by subsection (d)(2) of the statute. This subsection declares that when a criminal defendant is charged with certain types of offenses, including any class A felony, there is a presumption that the defendant should not be released on bail — or, in the words of the statute, a "rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the [defendant] or the safety of the victim, other persons, or the community".

This presumption is contrary to Article I, Section 11 of the Alaska Constitution, "Rights of Accused". This section of our state constitution guarantees that, "in all criminal prosecutions", the accused "is entitled ... to be released on bail, except for capital offenses when the proof is evident or the presumption great".

The Alaska Supreme Court has declared that Article I, Section 11 does not literally mean that all criminal defendants are entitled to be "released" on bail. But section 11 (in conjunction with section 12, the provision that prohibits excessive bail) guarantees that the court must set reasonable conditions of bail release for a defendant who has not yet been convicted. *Martin v. State*, 517 P.2d 1389, 1393-95 (Alaska 1974).

See also *Gilbert v. State*, 540 P.2d 485, 485-86 (Alaska 1975), where the supreme court declared that "[*Martin*] held that an order denying bail to one accused of a crime, but not yet convicted, was in violation of Article I, Section 11 of the Constitution of the State of Alaska".

The *Martin* decision involved the 1967 amendments to Alaska's bail law. The State argued that these 1967 amendments allowed a court to hold a criminal defendant without bail if the court found that, no matter what conditions of bail were

imposed, the defendant would continue to "pose a danger to other persons and the community." *Id.* at 1396.

The supreme court rejected the State's interpretation, concluding that it was inconsistent with the statutory scheme as a whole. *Id.* at 1396-97. However, the supreme court added that even if the legislature *had* intended to allow defendants to be held without bail, such a statute would have violated the constitutional right of bail guaranteed by Article I, Section 11 of the Alaska Constitution. *Ibid.*

> Our study of Article I, section 11 ... compels a conclusion that the Alaska Constitution without doubt guarantees to every accused person the right to be released on bail except for capital offenses where the proof is evident or the presumption great. Some jurisdictions with similar bail provisions have created an implied limitation on this constitutional right. But in Alaska such an implied limitation would necessarily contravene both the plain language of this constitutional provision and its intended purpose as stated at the constitutional convention.

*Martin*, 517 P.2d at 1394.

The 2017 version of AS 12.30.011(d)(2) — the statute at issue in the present case — establishes a presumption that, when a court is asked to set bail for certain classes of felony offenders, the court must presume that *no* conditions of bail will guarantee the defendant's appearance at future court proceedings and the safety of the victim and the public. In other words, the court must presume that the defendant cannot be released on bail.

In its brief in the present case, the State urges us to construe this statutory presumption according to the literal wording of the statute. That is, the State contends that, for the classes of defendants covered by the statute, a court must presume that the defendant should not be released on bail under any conditions. According to the State,

the defendant bears the burden of overcoming this presumption by convincing the court that there are, in fact, conditions of bail that will satisfy the twin goals of assuring the defendant's appearance at future court proceedings and protecting the victim and the public. And until such time as the defendant succeeds in convincing the court that there are adequate conditions of bail, the defendant is to be held without bail.

But the Alaska Constitution (unlike the federal constitution) contains a specific guarantee of pre-conviction bail. If the bail statute were interpreted as the State proposes, the statute would clearly violate the Alaska Constitution's guarantee of pre-conviction bail as interpreted in *Martin*.

In prior cases raising this same issue, the State has taken a different approach to the statute. In those prior cases, the State has suggested that the statutory presumption against bail release does not place the burden of persuasion on the defendant. Rather, the State has suggested that the "presumption" against bail release merely requires defendants to come forward with some articulable bail proposal (*i.e.*, a proposal that specifies the defendant's proposed conditions of release). According to this alternative interpretation of the statute, once a defendant presents an articulable bail proposal, the *State* bears the burden of persuasion — *i.e.*, the burden of convincing the court that the defendant's proposed conditions of release are inadequate.

(For an example of a case where the State has taken this position, see the State's bail brief in *Vaneyck v. State*, Court of Appeals File No. A-13021, and the bail order that we issued in that case on February 7, 2018.)

But this alternative interpretation of the statute does nothing to eliminate the statute's constitutional infirmity. Even under this alternative reading of the statute, if the State succeeds in convincing the court that the defendant's bail proposal is inadequate, the court is then authorized to hold the defendant without bail until such time

as the defendant succeeds in proposing bail conditions that are satisfactory to the court. This, too, violates the Alaska Constitution's guarantee of pre-conviction bail.

We therefore conclude that the pre-2018 version of AS 12.30.011(d)(2) is unconstitutional. We direct the trial court to set bail conditions for Hamburg.