NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

MARK DANIEL TORGERSON,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-13416
Trial Court No. 3AN-19-02368 CR

O P I N I O N

No. 2647 — June 7, 2019

Appeal from the Superior Court, Third Judicial District, Anchorage, Kevin M. Saxby, Judge.

Appearances: Mary Fleming Burnell, Assistant Public Defender, and Beth Goldstein, Acting Public Defender, Anchorage, for the Appellant. Bonnie E. Bull, Assistant District Attorney, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge WOLLENBERG.

Mark Daniel Torgerson seeks appellate review of the superior court's refusal to modify the conditions of his pretrial bail release. Torgerson argues that, at his first bail review hearing, the superior court failed to conduct an independent review of

his bail conditions, and instead improperly deferred to the bail conditions previously set by the district court at Torgerson's first appearance.

We agree with Torgerson. We therefore remand Torgerson's case to the superior court and direct the superior court to conduct an independent review of Torgerson's bail request.

*Facts and proceedings*

In early March 2019, the State charged Torgerson with two counts of first-degree sexual abuse of a minor. The State alleged that, four years ago — when Torgerson was sixteen years old — he performed fellatio on his three-year-old cousin and caused his cousin to perform fellatio on him.

Torgerson was arrested and brought before District Court Judge Jo-Ann Chung. At this first court appearance, the court presented Torgerson with the charges against him and appointed the Public Defender Agency to represent him.

The court then addressed bail. The prosecutor asked the court to set monetary bail in the amount of a $25,000 cash or corporate appearance bond and a $25,000 cash performance bond, and to require that Torgerson be subject to electronic monitoring through the Pretrial Enforcement Division. Torgerson, through his newly-appointed attorney, agreed to electronic monitoring but requested monetary bail in an amount of a $500 cash performance bond.

The district court imposed the non-monetary conditions agreed to by the parties: namely, house arrest with electronic monitoring and a bar on contact with the alleged victim or other minors under sixteen years old. But, without any explanation, the court set monetary bail at an amount higher than that requested by the prosecutor: a $50,000 cash or corporate appearance bond and a $50,000 cash performance bond.

Following Torgerson's indictment, Torgerson's attorney requested a bail hearing, pursuant to AS 12.30.006(c). This was Torgerson's first bail review hearing. Torgerson's attorney requested that the superior court impose a monetary bail of a $5,000 cash or corporate appearance bond and a $10,000 cash performance bond, in addition to house arrest with electronic monitoring.

Superior Court Judge Kevin M. Saxby presided over the hearing. At the hearing, Torgerson presented his proposal. He noted that he had stable housing in a residence with no minors, steady employment, and no prior criminal history, and that he was willing to submit to house arrest with electronic monitoring. The State opposed Torgerson's proposal. The prosecutor argued that bail had been "meaningfully set" at Torgerson's district court arraignment, and that the district court had considered the same facts that were then before the superior court.

The superior court denied Torgerson's proposal. The court stated that it was considering "pretty much the same issue" as was before the district court judge. The court made one case-specific finding — that the fact that Torgerson was four years older than he was at the time of the offense made him better able to leave the jurisdiction. Ultimately, the court concluded, "Given my understanding of what the situation was before Judge Chung, I agree that bail was appropriately set."

*Why we remand Torgerson's case for a new bail review hearing*

Alaska Statute 12.30.006(c) sets out the right to a first bail hearing:

> A person who remains in custody 48 hours after appearing before a judicial officer because of inability to meet the conditions of release shall, upon application, be entitled to have the conditions reviewed by the judicial officer who imposed them. If the judicial officer who imposed the

conditions of release is not available, any judicial officer in the judicial district may review the conditions.

We have previously construed a prior version of this statute, with similar language — former AS 12.30.020(f) (pre-July 1, 2010 version) — to require an independent assessment of bail conditions at a defendant's first bail hearing.[1] We now re-affirm that, at a first bail review hearing, a judicial officer is required to assess a defendant's conditions of release anew.

The requirement of an independent review is reinforced by the statutory subsection immediately following AS 12.30.006(c). Under AS 12.30.006(d)(1), with a few noted exceptions, a defendant who remains in custody after a first bail review hearing is generally entitled to a second or subsequent bail review hearing only if the defendant provides "new information" to the court not previously considered at the first bail hearing. When subsections (c) and (d) are read together, it is clear that a defendant need not present any "new" information at the first bail review hearing under AS 12.30.006(c) — that is, the defendant need not present any information that was not previously known at the time of the defendant's first appearance. Instead, at a first bail hearing, a defendant who remains in custody is "entitled" to have the conditions reviewed by a judicial officer.[2]

Additionally, AS 12.30.006(f) requires a judicial officer to "issue written or oral findings that explain the reasons the officer imposed the particular conditions of release or modifications or additions to conditions previously imposed." This provision precludes a court from simply relying on, or deferring to, findings made at an earlier hearing when bail was initially set.

---

[1] *See Mayberry v. State*, Court of Appeals File No. A-10717 (Order dated Apr. 12, 2010), at 2-3.

[2] *See* AS 12.30.006(c).

A defendant's entitlement to an independent judicial assessment of bail conditions at the defendant's first bail review hearing rests on important constitutional and policy concerns. The right to bail is guaranteed by article I, section 11 of the Alaska Constitution, which provides that "[i]n all criminal prosecutions," the accused is "entitled . . . to be released on bail, except for capital offenses when the proof is evident or the presumption great." While the Alaska Supreme Court has declared that a criminal defendant is not necessarily entitled to bail in an amount the defendant can post, a judge may not set bail in an amount that goes beyond that which is necessary to fulfill the purposes of bail — *i.e.*, to reasonably assure the defendant's appearance and the safety of the alleged victim, other persons, and the community.[3]

Many, if not most, criminal defendants are represented by public counsel — counsel that is first appointed at the defendant's arraignment.[4] At the time of the appointment, an attorney from the appointed agency may not be present to assist the defendant. If an attorney is present, that attorney will generally have only a few moments in court to consult with the agency's new client and glean whatever information the attorney can to present to the judge who sets the defendant's initial bail conditions. There is no opportunity for a complete and private consultation with the client, and no ability to independently explore or confirm possible bail release plans.

The requirement that judges conduct an independent assessment of a defendant's conditions of release at the first bail review hearing affords defendants a

---

[3]   *See* Alaska Const. art. I, § 12 (prohibiting excessive bail); *Hamburg v. State*, 434 P.3d 1165, 1165 (Alaska App. 2018) (citing *Martin v. State*, 517 P.2d 1389, 1393-95 (Alaska 1974)); *see also* former AS 12.30.011(b) (2015) & AS 12.30.011(h) (requiring the court to set "least restrictive" condition or conditions that will reasonably assure the person's appearance and the safety of the community).

[4]   *See* AS 18.85.100(a).

meaningful opportunity to consult with their attorney and gather any necessary information relevant to the bail decision. It also allows the court an opportunity to explain its bail decision, in order to help foster understanding of the decision by the defendant and the public, and to allow for meaningful appellate review.[5]

Accordingly, we conclude that at a defendant's first bail review hearing, a court is required to conduct an independent assessment of the defendant's conditions of release. The court may not simply defer to the bail conditions imposed at a defendant's first court appearance.

Here, it appears that the superior court did not conduct the required independent assessment of Torgerson's bail conditions. The court repeatedly referred to the bail set by the district court judge at Torgerson's first appearance, and noted specifically that it was facing the "same issue" as was before the district court. While the court ultimately found that bail was "appropriately set," this conclusion was couched within the context of the earlier hearing: "Given my understanding of what the situation was before Judge Chung, I agree that bail was appropriately set."

The court's failure to set forth any explanation for why the particular bail conditions were the least restrictive necessary to reasonably assure Torgerson's appearance or the safety of the alleged victim or the community, as required by AS 12.30.006(f), reinforces the notion that the court did not conduct an independent review.

---

[5] *See Pisano v. State*, Court of Appeals File No. A-13289 (Order dated Jan. 16, 2019), at 7 (noting that a sufficient explanation of why a particular monetary bail is necessary in a given case is required for meaningful appellate review); *Pisano v. State*, Court of Appeals File No. A-13089 (Order dated May 24, 2018), at 5 (noting that deferential review of a trial court's decision to impose a particular bail presupposes that the trial court has demonstrably considered relevant factors and has provided a sufficient explanation of why the particular bail conditions were imposed).

Indeed, we note that, at one point during the hearing, the superior court appeared to question the need for the high monetary bail given Torgerson's willingness to submit to house arrest with electronic monitoring. But once the court realized that the electronic monitoring condition was part of the original bail set by the district court (and was not a new condition proposed by Torgerson at the bail hearing), the court "reassessed the entire bail package that was put to Judge Chung," and the court declined to modify the bail set by the district court.

Because the superior court was required to independently assess Torgerson's conditions of release, and because we are unable to say that Torgerson received the hearing to which he was entitled, we remand Torgerson's case to the superior court so that the court can conduct this independent review.

On remand, the court should independently assess the bail conditions as a whole and explain why the monetary bail imposed is the least restrictive that will reasonably assure Torgerson's appearance and the safety of the alleged victim and the community, in light of the other protective measures in place.[6] The court should not calibrate its choice of monetary bail by reference to the amount set at Torgerson's first appearance, or require Torgerson to justify a downward deviation from that number.[7]

*Conclusion*

For the reasons explained here, we VACATE the bail order issued by the superior court and REMAND Torgerson's case to the superior court for an independent

---

[6]   Former AS 12.30.011(b) (2015); AS 12.30.011(h).

[7]   *See Pisano v. State*, Court of Appeals File No. A-13289 (Order dated Jan. 16, 2019), at 6-7; *Pisano v. State*, Court of Appeals File No. A-13089 (Order dated May 24, 2018), at 7-8.

assessment of Torgerson's bail proposal, in light of the guidance provided here. We do not retain jurisdiction.