STATE OF LOUISIANA      \*      NO. 2022-K-0577

VERSUS      \*

     COURT OF APPEAL

SHARONDA S. FREEMAN      \*

     FOURTH CIRCUIT

     \*

     STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 553-254, SECTION "M1"
Honorable Juana M. Lombard, Commissioner
\* \* \* \* \* \*
**Judge Dale N. Atkins**
\* \* \* \* \* \*
(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins)


Samuel H. Winston
Jeigh L. Britton
WINSTON BERGERON, LLP
1700 Josephine Street
New Orleans, LA 70113

     COUNSEL FOR RELATOR, SHARONDA S. FREEMAN


               **WRIT GRANTED; STAY GRANTED**
                           **AUGUST 25, 2022**

This is a criminal case involving a charge of simple battery. Relator, Sharonda S. Freeman (hereinafter "Ms. Freeman"), seeks review of the district court's August 18, 2022 order, which granted in part her "Motion to Stay Imposition of Sentence Pending Appeal" (hereinafter "Motion to Stay"). Relator also seeks a stay order from this Court. For the following reasons we grant the writ and the request for a stay.

## PROCEDURAL HISTORY

On July 25, 2022, the district court convicted Ms. Freeman of simple battery in violation of La. R.S. 14:35.[1] Thereafter, on August 11, 2022, the district court sentenced Ms. Freeman to three-days of imprisonment (sixty-days with fifty-seven days suspended); six months of active probation; and additional conditions.[2] The

---

[1] Louisiana Revised Statutes 14:35 provides:

     A. Simple battery is a battery committed without the consent of the victim.

     B. Whoever commits a simple battery shall be fined not more than one thousand dollars or imprisoned for not more than six months, or both.

[2] According to the subject writ application, which is discussed more fully throughout this Opinion, Ms. Freeman explains that "[t]he sentence also included special conditions limiting her rights, including anger management counseling,

1

district court ordered that Ms. Freeman's sentence be imposed on August 19, 2022. However, Ms. Freeman filed a Motion to Stay on August 18, 2022. That same day, the district court signed an order, which granted the Motion to Stay in part and stayed imposition of the three-day imprisonment until August 26, 2022, at 6:00 p.m.

On August 23, 2022, Ms. Freeman filed a "Notice of Intent to Apply for Supervisory Expedited Writ and Request to Stay Imposition of Sentence," which the district court granted that same day. The district court set a return date of August 24, 2022.

On August 24, 2022, Ms. Freeman (hereinafter "Relator") filed the subject writ application with this Court, wherein she seeks expedited supervisory review of the district court's August 18, 2022 order. In her subject writ application, Relator also indicates her intention to file another writ application with this Court, which will challenge her conviction and sentence.

## DISCUSSION

We construe Relator's subject writ application as a request to this Court to stay the execution of her three-day imprisonment for simple battery, pending final determination of the merits of her forthcoming writ application. On the showing made, we grant Relator's request and stay the execution of Relator's three-day imprisonment, pending the district court setting post-sentencing bail in this matter. *See Ataya v. Suanphairin*, 2022-0094 (La. App. 5 Cir. 3/11/22), ___ So.3d ___, ___, 2022 WL 741708; *State v. Boudreaux*, 475 So.2d 1133, 1133-34 (La. App. 5 Cir. 1985) (citing La. Const. art. 1, § 18 (1974);[3] La. C.Cr.P. art. 314.) *See also* La.

_____

fifty hours of community service, six drug tests, and the prohibition of possessing [or purchasing] a firearm during probation."

2

C.Cr.P. art. 312(F).[4] This stay pertains only to Relator's three-day imprisonment and shall have no effect on any other sentences Relator may be concurrently serving in this matter.

**DECREE**

For the foregoing reasons, we grant the writ and the request for a stay. This matter is remanded to the district court for the setting of post-sentencing bail, at which time the stay granted by this Court shall be automatically lifted.

**WRIT GRANTED; STAY GRANTED**

---

[3] Louisiana Constitution Article I, § 18(A) states that "[a]fter sentencing and until final judgment, a person shall be bailable if the sentence actually imposed is five years or less; and the judge may grant bail if the sentence actually imposed exceeds imprisonment for five years."

[4] Louisiana Code of Criminal Procedure Article 312(F) provides, in pertinent part, that "[a]fter conviction and before sentence, bail shall be allowed if the maximum sentence which may be imposed is imprisonment for five years or less."